Tays v. Robinson.

SUSAN TAYS *et al.* v. W. F. ROBINSON *et al.*

No. 13,320.   ( 74 Pac. 623.)

SYLLABUS BY THE COURT.

DESCENTS AND DISTRIBUTIONS—*Shares of Full and Half-brothers (or Sisters)*. Where an intestate leaves as his sole heirs full brothers (or sisters), half-brothers (or sisters) who are children of his father, and half-brothers (or sisters) who are children of his mother, each full brother (or sister) inherits an equal share with each child of his father in the half-estate descending through the father, and also in addition thereto an equal share with each child of his mother in the half of the estate descending through her, the provision of the statute that children of the half-blood shall inherit equally with children of the full-blood not having the effect to require that, in the case stated, all the children of either or both of intestate's parents shall receive equal parts of his estate.

Error from Marshall district court; SAM KIMBLE, judge.   Opinion filed December 12, 1903.   Affirmed.

*W. W. Redmond,* and *Nichols & Pistole,* of counsel, for plaintiffs in error.

*Gregg & Gregg,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Joseph P. Campbell died intestate, leaving surviving him no wife, child, father, or mother. The distribution of his property is the subject of this litigation. Each of his parents had been twice married, and at his death there were living descendants of each marriage, namely, three children of his deceased full sister, Alice Belle Williams, one child of his deceased half-brother, William Campbell, the son of his father and a former wife, and a half-brother, Waller Maupin, and a half-sister, Susan Tays, the children of his mother and a former husband. As the children of a deceased parent take collectively the share the parent would have inherited if living, the consideration of the present case may be simplified by regarding William Campbell and Alice Belle Williams as still living. With this in view, to avoid unnecessary words, they will be spoken of as though alive, and the collective shares of their children will be spoken of as their respective shares. The trial court held that one-half of the property went to the heirs of the intestate's father and the other half to the heirs of his mother. The half descending through the father would, by this rule, go in equal parts to his son, William Campbell, and to his daughter, Alice Belle Williams, each thus receiving one-half of the half-estate, or one-fourth of the whole; and the half descending through the mother would go in equal parts to her three children, Alice Belle Williams, Waller Maupin, and Susan Tays, each receiving one-third of the half-estate, or one-sixth of the whole. Alice Belle Williams, receiving one-fourth through her father and one-sixth through her mother, would thus get five-twelfths altogether. This is in accord-

ance with the express declaration of this court in *Russell v. Hallett*, 23 Kan. 276.

Susan Tays and Waller Maupin bring this proceeding in error and contend that under our statute the true rule is that the property of the intestate is to be considered as a common fund descending through his parents collectively, going share and share alike to each of the children of either or both, namely, William Campbell, Alice Belle Williams, Susan Tays, and Waller Maupin, thus giving the last-named two (plaintiffs in error) each one-fourth, instead of one-sixth, of the estate. This claim is based upon the following language of sections 21 and 29 of the statute of descents and distributions (Gen. Stat. 1901, §§ 2522, 2530) :

"§ 21.  If one of his parents be dead, the whole of the estate shall go to the surviving parent; and if both parents be dead, it shall be disposed of in the same manner as if they, *or either of them*, had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, or to either of them, and so on through ascending ancestors and their issue."

"§ 29.  Children of the half-blood shall inherit equally with children of the whole blood."

It is argued in behalf of plaintiffs in error that the italicized words "or either of them" were designed to direct the descent from the parents collectively and not individually ; that the provision quoted from section 29 applies to the case at bar and requires that the children of the intestate's mother ( his half-sister and half-brother) shall inherit the same share as the child of his father and mother ( his full sister) ; and that the construction adopted by the trial court gives no force either to the words quoted and italicized or to the provision regarding children of the half-blood.

It is true that it is difficult to attach any effect to the words "or either of them" as here used, but their appearance in the statute is explained by its origin. The section was adopted in 1868 from Iowa. (Rev. Stat. 1860, § 2497.) Under the laws of that state then existing, if the intestate left no issue one-half of his estate went to his wife and the other half to his parents if living, ·or to the survivor if either was dead. The section just referred to further provided :

"SEC. 2497. (4) If both parents be dead, the portion which would have fallen to their share or to either of them by the above rules shall be disposed of in the same manner as if they or either of them had outlived the intestate and died in the possession and ownership of the portion thus falling to their share or to either·of them, and so on, through ascending ancestors and their issue."

It is plain that our own statute was taken from this, with only so much change as was made necessary by the fact that here the parent takes nothing if the intestate leaves a widow. The words in question occurring in this section, while perhaps not necessary to its meaning, result naturally from the context. The Iowa court has refused to give them the construction contended for by plaintiffs in error. (*Bassil v. Loffer*, 38 Iowa, 451, decided in 1874.)

That the provision with reference to children of the half-blood was not intended to mean that descent should be traced through the parents collectively, all the children of either or both sharing equally, follows from the fact that when it was adopted (in 1859) no part of the estate of the decedent went to the mother or her heirs unless there was a failure of heirs in the male line. (Comp. Laws 1862, ch. 80, §§ 18, 19, 20.) The effect of the provision, as applied to the facts of this case, if the law were still the same, would be that

William Campbell, the half-brother of the intestate, would receive an equal share with Alice Belle Williams, his full sister, each being the child of the intestate's father, through relationship to whom they would inherit. Whether the same result would have followed from other sections of the statute, independently of this one, is not very important, since this may merely have been added to negative explicitly the rule of the common law that one related to the intestate by half-blood could not inherit.

The judgment is affirmed.

All the Justices concurring.