# MCHARRY v. STEWART.

## No. 15,187; December 30, 1893.

### 35 Pac. 141.

**Homestead—Right of Widow to Convey Homestead.**—Code of Civil Procedure, section 1468, provides that, if deceased left also a minor child or children, one-half the real estate of which deceased died seised shall "belong" to his widow and the remainder to the child or children. Section 1485 provides that persons succeeding to the title of "successors to homesteads" have all the rights of the persons whose interests they acquire. Held, that a wife, having minor children by a former, deceased husband, could convey to her second husband a certain sixty acres of one hundred and seventy-five acres of land which were set apart to her and her children as a homestead out of the lands of her deceased husband.

**Public Land—Homestead—Partition.**—Code of Civil Procedure, Section 764, provides that when it appears, in an action of partition, that one or more of the tenants in common has conveyed in fee to another person a specific part of the common land, the land so conveyed shall be allotted in partition to such purchaser, etc., if such tract can be so allotted without material injury to the other cotenants. Held, that such purchaser's right to file upon an adjoining farm homestead" under Revised Statutes of the United States, sections 2289, 2290, cannot be defeated by the possibility that, on the partition, other land not adjoining that filed upon may be allotted him, instead of the specific part conveyed to him.

**Public Land—Determination of Pre-emption Rights.**—Revised Statutes of the United States, section 2273, provides that all questions as to the right of pre-emption, arising between different settlers, shall be determined by the register and receiver of the district within which the land is situated, and for "appeals from the decision of the district officers." Held, that, in the absence of any statute limiting the power of the commissioner of the land office and Secretary of the Interior on appeal, the power will not be denied to the commissioner and secretary to decide questions arising on evidence, which were not decided by such district officers.

**Public Land—Contest.**—Where the Secretary of the Interior, in a land contest, decided on the evidence that the residence of a claimant of land as an "adjoining farm homestead," under Revised Statutes of the United States, sections 2289, 2290, on his own land adjoining the tract claimed, was not such as to entitle him to such tract, the supreme court of California has no jurisdiction to review such question in ejectment against such claimant by one claiming the same land under the pre-emption laws of the United States.

APPEAL from Superior Court, Contra Costa County; Joseph P. Jones, Judge.

Action of ejectment by Daniel S. C. McHarry against James Stewart. From a judgment for plaintiff, defendant appeals. Affirmed.

Theo. Wagner and G. W. Bowie for appellant; Charles E. Wilson and Wm. Wells for respondent.

HAYNES, C.—The complaint is in ejectment, in the usual form, and the plaintiff's title is evidenced by a patent from the United States. Defendant answered, denying all the allegations of the complaint except that alleging defendant's possession, and filed a cross-complaint setting out facts upon which he claims that plaintiff should be adjudged a trustee of the legal title for his benefit, and be required to convey the same to him. Plaintiff's demurrer to the cross-complaint was sustained, and judgment thereon, as well as upon the issues raised by defendant's answer, which were tried by the court, was rendered against the defendant, who now appeals from the judgment; and the only question presented is as to the sufficiency of the cross-complaint.

On December 10, 1883, the defendant filed upon the demanded premises as an "adjoining farm homestead," under sections 2289 and 2290, Revised Statutes of the United States, defendant then claiming to be the owner of about sixty acres of adjoining lands, upon which he resided. On December 13th of the same year, the plaintiff, claiming a residence upon a subdivision of government lands adjoining the demanded premises, filed a pre-emption claim including the demanded premises. Upon these conflicting claims, a contest arose before the local land office, and testimony was taken. The cross-complaint sets out the facts which defendant claims were proven upon the hearing, and, by exhibits attached thereto, sets out the decision of the register and receiver thereon, the decision of the commissioner of the general land office upon appeal, the decision of the Secretary of the Interior upon appeal from the commissioner, and also the decision of the secretary upon a petition for review. The land which defendant claimed to own, and upon which he claimed to reside at the

time he filed upon the demanded premises, was formerly a part of the Pinole rancho, in which one James McClellan owned an undivided interest, which, after his marriage, was set off to him in that part of the rancho adjoining the demanded premises. McClellan died in December, 1871, leaving his widow, Getta, and two minor children, surviving him. In February, 1876, a homestead containing one hundred and seventy-five acres was set apart by the probate court, for the use of the widow and minor children, in that part of the land partitioned to McClellan which adjoined the demanded premises. Afterward, in March, 1876, the widow married the defendant, Stewart. On October 2, 1882, Mrs. Stewart conveyed to her husband (the defendant) a portion of the homestead, containing about sixty acres, adjoining the demanded premises, the children being still minors. Upon these facts, and without considering the other evidence before them, the register and receiver held that defendant acquired no right or title by his purchase from his wife, and therefore was not entitled to an ''adjoining farm homestead'' under the statute, and awarded the land to McHarry. On appeal to the commissioner, this decision was reversed, and the land was awarded to Stewart; and, upon appeal to the secretary, the commissioner's decision was reversed, and the land again awarded to McHarry. The evidence taken before the register and receiver principally related to two points, viz., Stewart's ownership and title to the land conveyed to him by his wife, and his residence thereon. It is conceded that, after Stewart filed upon the demanded premises, his residence was principally at Martinez, where he had gone into business. He claimed, however, that he left the land in consequence of assaults made upon him by the McHarrys and threats which put him in fear. The register and receiver did not pass upon this evidence, but rested their decision solely upon want of title to the adjoining lands, while the commissioner held his title sufficient, and that his absence from the land was excused by the acts of McHarry. The secretary held against Stewart on both points. So far as questions of fact are concerned, all courts are bound by the decision of the land department, unless such decision has been obtained by fraud or imposition. In this case we find nothing to justify a review of questions of fact: Shanklin v. McNamara, 87 Cal. 371, 26 Pac. 345; Lee v. Johnson, 116 U. S. 48, 29 L. Ed.

570, 6 Sup. Ct. Rep. 249, and cases there. cited. The principal questions are, therefore: First, whether Stewart's ownership and title were sufficient to entitle him to an additional farm homestead; and, if that is answered in the affirmative, second, whether his residence on the land conveyed to him by his wife was such as the law required for the purpose of securing such additional homestead.

The land set apart by the probate court as a homestead was the separate property of the deceased, James McClellan. Such homesteads, when not community property, can only be set apart for a limited time. The estate in the lands so set apart vests, however, in those declared by the statute to be entitled to it, but subject to the assignment of such homestead by the court, and at the expiration of the time limited for its existence is subject to partition as though no homestead had been created. Section 1468, Code of Civil Procedure (act of March 24, 1874, as well as the act of 1881), provides: "If the deceased left also a minor child or children, the one-half of such property shall belong to the widow or surviving husband, and the remainder to the child, or in equal shares to the children if there be more than one." In Estate of Moore, 57 Cal. 444, it was said: 'The right to have a homestead set apart is no estate, either in law or in equity." It was accordingly there held that the deed of the widow, made before the homestead was set apart, did not nor could convey away the right to a homestead; but it was not held that the deed was not operative to convey all her interest in the estate which she took by succession, such interest being subject to the power of the court to set apart a homestead. Her grantee therefore took the estate, and was the owner of it, but subject to the homestead afterward set apart by the court. If this were doubtful under the provisions of the code above referred to, section 1485, Code of Civil Procedure, makes it clear. It is there provided: "Persons succeeding by purchase or otherwise to the interests, rights and title of successors to homesteads, or to the right to have homesteads set apart to them, as in this chapter provided, have all the rights and benefits conferred by law on the persons whose interests and rights they acquire." The obvious intent of this section is to confirm to purchasers of the estate all the rights and interests which the grantor had or could enjoy, subject to the homestead right, and, at the

termination of the homestead, the unencumbered estate. The words "successors to homesteads" certainly imply this. Stewart therefore had title to the land, and was the owner. But it is contended by respondent—and the Secretary of the Interior seems principally to have relied thereon—that he took but an undivided interest in the homestead, and, when the land came to be partitioned, the land set off to him might not adjoin the demanded premises. Section 764, Code of Civil Procedure, provides, among other things, as follows: "Whenever it shall appear, in an action for the partition of lands, that one or more of the tenants in common, being the owner of an undivided interest in the tract of land sought to be partitioned, has sold to another person a specific tract by metes and bounds, out of the common land, and executed to the purchaser a deed of conveyance, purporting to convey the whole title to such specific tract to the purchaser in fee· and in severalty, the land described in such deed shall be allotted and set apart in partition to such purchaser, his heirs or assigns, or in such manner as shall make such deed effectual as a conveyance of the whole title to such segregated parcel, if such tract or tracts of land can be so allotted or set apart without material injury of the rights and interests of the other cotenants who may not have joined in such conveyance." To defeat Stewart's right upon this ground, it must be assumed that partition cannot be made so as to give him the part of the land conveyed to him, or some part of it, adjoining the public lands in question, or that the bare possibility of such result is sufficient to defeat the right to an adjoining homestead. It will hardly be contended that, if Stewart's ownership and title were otherwise unquestioned, the existence of a mortgage upon it would defeat his right to an additional homestead, because his title, at some time in the future, might be taken away by foreclosure and sale; yet respondent's contention, carried to its logical conclusion, would seem to lead to that result. The contingency in question does not destroy or affect Stewart's ownership for the purposes of the homestead right, and the register and the receiver and the secretary erred in so holding.

The question of Stewart's residence is one of greater difficulty. It may be conceded that the cross-complaint shows that his residence upon the land purchased from his wife was not continuous; but facts are alleged which, if satisfactorily

proved, would excuse his absence from it. The cross-complaint, however, sets out in full, as exhibits, the decision of the commissioner of the general land office in his favor upon that question, and the decision of the Secretary of the Interior reversing that decision, thus presenting the question of the jurisdiction of the court to re-examine it. It is contended by appellant that all the questions presented by the contest before the register and receiver, upon which evidence was introduced, should have been decided by them, and that the commissioner and secretary had no power to pass upon questions of fact not passed upon by the register and receiver; that it was the duty of the commissioner, when he reversed those officers upon the only question passed upon by them, to send the case back with instructions to pass upon all the other questions. And this contention is placed by appellant upon section 2273, Revised Statutes of the United States, which provides that "all questions as to the right of pre-emption arising between different settlers shall be determined by the register and receiver of the district within which the land is situated," and which provides for "appeals from the decision of the district officers" to the commissioner; and this right to have all the questions of fact decided by the local officers, he insists, is an important and substantial one, as the weight to be given the testimony of the different witnesses can be better estimated by them than by those who had no opportunity to observe the witnesses while giving their testimony. Prior to the act of July 4, 1836 (5 Stat. 107), there seems to have been no express power given to the commissioner of the general land office to revise the decisions of the local land officers; but where an entry was made on ex parte affidavits, which were impeached before the commissioner by another claimant, the course was to return the proofs to the local office, and direct that the parties be notified, and after proofs taken to report the proceedings to the general land office, with their opinion as to the effect of the proof: See Barnard's Heirs v. Ashley's Heirs, 18 How. (U. S.) 44, 15 L. Ed. 285. By section 11 of the act of September 4, 1841 (5 Stat. 456), all questions arising between different settlers were required to be "settled by the register and receiver of the district within which the land is situated, subject to an appeal to, and a revision by, the Secretary of the Treasury"; and by the act of June 12, 1858 (11 Stat., p. 326, sec. 10), the

latter clause of section 2273, Revised Statutes, was enacted. The power of the commissioner and secretary upon appeal to decide all questions arising upon the evidence taken by the register and receiver is not limited in any of the statutes relating to appeals, and the practice of so deciding all questions upon appeal is too well settled to justify us in denying them that power. That the error of law committed by the register and receiver, and affirmed by the Secretary of the Interior, had a far-reaching effect cannot be disputed. Stewart had been in possession of the demanded premises many years before the township plat was filed, and the same was fenced in with the land upon which he resided, and he filed his adjoining homestead claim thereon the day the township plat was filed. No question seems to have been made as to his place of residence at the time of his filing, nor at the time McHarry filed, which was but three days thereafter. That being true, McHarry's filing was illegal, the land being then in the rightful possession and occupation of Stewart. But if Stewart, by reason of his failure to reside on the adjacent land, was not entitled to it, the question whether McHarry was entitled was one between him and the government, in which appellant is not concerned. The question of residence being one of fact, and having been litigated before the land department, we would not have jurisdiction to examine it, even if the evidence was before us, in the absence of a clear showing that the decision was procured by fraud or imposition, and we find no such allegation of fraud or imposition in the cross-complaint as would justify the submission of the question of residence to a court of justice.

It is argued by appellant, however, that in the case of an adjoining homestead, the requirements of the law applicable to other homesteads upon the public lands do not apply. The rulings of the land department have been otherwise, and we think correctly: Carnes v. Smith, 10 Dec. Dept. Int. 100; Box v. Cochran, 3 Dec. Dept. Int. 394. Residence upon the public land filed upon is excused because that, with the land owned, is regarded as one homestead, and residence upon any part is sufficient; but residence is essential to a homestead of either kind. The judgment appealed from should be affirmed.

We concur: Searls, C.; Vanclief, C.

PATERSON, J.—For the reasons given in the foregoing opinion, it is ordered that the judgment appealed from be affirmed.

HARRISON and GAROUTTE, JJ.—We concur in the judgment upon the ground that the decision of the land department that Stewart was not residing upon the premises at the time he made the homestead entry is a conclusive determination against his claim to the land. Whether the conveyance by the widow of McClellan of her interest in a portion of the premises that had been set apart as a homestead for the benefit of herself and her minor children during the existence of the homestead transferred to her grantee any title therein is a question which does not arise in this case, and is of too much importance to be unnecessarily determined: See Gagliardo v. Dumont, 54 Cal. 496; Phelan v. Smith, 100 Cal. 158. 34 Pac. 667.