## MOORE, RESPONDENT, *v.* NORTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

[Submitted May 12, 1896.   Decided May 25, 1895.]

NORTHERN PACIFIC GRANT—*Decision of secretary of interior—Collateral attack.*—The decision of the secretary of the interior that certain lands were not embraced within the grant to the Northern Pacific Railroad Company, cannot be collaterally attacked in an action by the patentee thereof to recover money paid to the defendant on a contract for the sale of the lands. (*Colburn* v. *Northern Pacific R. R. Co.*, 13 Mont. 476, followed.)

SAME—*Remedy.*—The defendant's remedy in such case, if any. is in equity by a suit to vacate the patent, brought either in its own name or through the government.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION to recover purchase price of land on failure of title. Judgment, on the pleadings, was rendered for the plaintiff below by ARMSTRONG, J.   Affirmed.

*Cullen & Toole* and *Fred M. Dudley*, for Appellant.

*Luce & Luce*, for Respondent.

PEMBERTON, C. J.—Precisely the same facts are involved in this case as were involved in the case of *Colburn* v. *Northern Pacific Railroad Co.*, 13 Mont. 476.   The same issues are presented as in that case.   Upon the authority of that case the district court rendered judgment in this case on the pleadings in favor of the plaintiff, and from that judgment the defendant appeals.

In *Colburn* v. *Northern Pacific Railroad Co.*, *supra*, this court said : "The decision of the secretary of the interior that certain land was not included within a grant to the defendant corporation is conclusive until reversed in a direct proceeding for that purpose, and cannot be collaterally attacked in an action to recover the purchase price of the land by one to whom it had been conveyed by the defendant."

In this case the defendant seeks to attack the decision of the secretary of the interior in deciding that the lands mentioned

in the pleadings were not within the grant of the defendant, and that the defendant never had any title thereto in a contest between plaintiff and defendant. This is a collateral attack upon the decision of the secretary of the interior. Upon the authority of *Colburn* v. *Northern Pacific Railroad Co.*, *supra*, and the authorities cited therein, we are clearly of the opinion that this cannot be done.

Counsel for appellant contends that decisions of the secretary of the interior, made solely on the construction of the law, may be attacked in this proceeding; but it nowhere appears that the land contest between plaintiff and defendant was determined by the secretary of the interior upon a construction of law only. As far as the record shows the secretary passed upon the facts, and we cannot say his decision was arrived at from a construction of the law only. Decisions are generally rendered upon a consideration of both the law and facts. We think, for these reasons, that *Railroad Co.* v. *Forsythe*, 159 U. S. 46, 15 Sup. Ct. 1020, and *Railroad Co.* v. *McCormick*, 72 Fed. 736, cited by counsel for appellant, are not in point.

As held in *Colburn* v. *Northern Pacific Railroad Co.*, *supra*, we think defendant's remedy, if it has any, is by suit in equity to set aside the patent issued to plaintiff, either in its own name, or by procuring the government to bring suit by its officers to vacate it.

We see no error in the action of the district court in rendering judgment on the pleadings. The judgment appealed from is therefore affirmed.

*Affirmed.*

Hunt, J., concurs.    De Witt, J., not sitting.