# STEWART *v.* McHARRY.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 366. Submitted October 22, 1895. — Decided November 18, 1895.

In March, 1876, S. went into actual possession and occupation of a tract of public land in California, which was then reserved from settlement on account of unsettled Spanish and Mexican land grants, and which continued so reserved until April, 1883. On the 2d of October, 1882, the wife of S., being then the owner of an adjoining tract, on which she and S. resided, conveyed that tract to her husband. On the 10th of December, 1883, S. appeared in person at the United States land office in San Francisco, and represented that he was a naturalized citizen of the United States, the head of a family, that he was 56 years of age, and that since October 2, 1882, he had been the owner of and in actual and peaceable possession of the tract conveyed to him by his wife, and he applied to enter, as an adjoining farm homestead, under Rev. Stat. §§ 2289 and 2290, the tract so taken possession of by him in March, 1876. After payment of the fees and commissions required by law, he was permitted to enter that tract as an adjoining farm homestead. On the 13th of December, 1883, M. filed a preëmptive declaratory statement in the same land office, which statement included the tract so occupied and entered by S., and alleged a settlement thereon by himself on the 19th of January, 1876. Thereupon a contest took place between S. and M., first before the register and receiver of the local land office; then, on appeal, before the Commissioner of the General Land Office; and, finally, on appeal, before the Secretary of the Interior. In these proceedings it appeared that S. had not resided continuously on the original farm, but had leased it to a tenant for a number of years, including the period of his adjoining farm entry; and S., in reply, claimed that he did not reside there because of danger of violence and injury at the hands of M. The Secretary of the Interior, while intimating that the proof failed to show the required residence on the part of S., decided that the excuse set up by him for non-residence was not sustained by the evidence. *Held*, that the ownership and title shown by S. were sufficient to entitle him to an additional farm homestead; but that the question of his residence on the land conveyed to him by his wife was one of fact, which the courts had no jurisdiction to reëxamine, in the absence of a clear showing that the decision was procured by fraud or imposition.

THE case is stated in the opinion.

*Mr. E. W. McGraw* and *Mr. T. Wagner* for plaintiff in error.

*Mr. Charles E. Wilson* and *Mr. W. S. Wells* for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This case comes before us on error to the Supreme Court of California. The action was ejectment, commenced in July, 1891, to recover possession of certain parcels of land situated in the county of Contra Costa, in that State.

The plaintiff in the court below, defendant in error here, alleges in his complaint that on the 26th of February of that year he was the owner in fee and entitled to the possession of certain parcels of land, described as lots Nos. 2 and 3 of section No. 22, and lot No. 1, and the northeast quarter of the northeast quarter of section No. 27, in township No. 2 north, of range No. 3 west, Mount Diablo base and meridian, according to the official survey of the government of the United States.

That while he was such owner, and thus seized and entitled to the possession of the premises, the defendant, on the day mentioned, without right or title, entered upon the premises and ejected him therefrom, and ever since has withheld, and still unlawfully withholds, the possession thereof, to the damage of plaintiff of $1000.

That the value of the rents, issues, and profits of the premises from the entry stated and while the plaintiff has been excluded therefrom is $50.

The plaintiff, therefore, prays judgment against the defendant for the possession of the premises and the recovery of the sum of $1000 for withholding the same, and the sum of $50 for the value of its rents and profits, and for such other and further relief as to the court may seem meet and proper.

The defendant in his amended answer denies generally and specifically each of its allegations, except that he is and has been in the possession of the premises, which he admits, and

claims that he is the owner thereof and entitled to their pos-
session. And he denies that the plaintiff, by reason of the
defendant's possession, has been damaged in the sum of $1000,
or in any other sum.

And in his answer, treated as a cross-complaint, the defend-
ant makes certain allegations as to the acquisition and posses-
sion of other property, upon which he asserts a right to enter
the tract in controversy as an adjoining farm homestead; aver-
ring that on the 2d day of October, 1882, he became the
owner and went into the actual possession of a tract of land
situate in the county of Contra Costa, being a portion of the
land which was awarded to one James McClellan, under parti-
tion of a certain rancho entitled Piñole Rancho in which he
was interested, as it was surveyed and patented by the United
States, and which portion Getta Stewart, his wife, acquired
from him.

That the portion thus acquired, a tract of land containing
about sixty (60) acres, was, on October 2, 1882, conveyed to
the cross-complainant by deed executed and acknowledged
by her. And he alleges that in the month of March, 1876,
he went into actual possession of certain public lands of the
United States situate in the county of Contra Costa, embrac-
ing a portion of the property for which this action is brought,
containing, according to the public surveys, seventy (70) acres
and twenty-five (.25) hundredths of an acre, and that he has
from that date remained in the actual possession thereof, and
used and cultivated the same, and that the public lands ad-
join the land conveyed to him by Getta Stewart, and were
reserved from settlement under the United States laws, on
account of unsettled Spanish and Mexican land grants, until
the 16th of April, 1883, when the boundaries of the Rancho
El Sobrante, of which they were a part, were finally settled.

That on the 10th day of December, 1883, the survey of the
public lands was approved by the United States surveyor gen-
eral of California, and the map of the township was filed in
the United States land office of California.

That the cross-complainant, in the month of March, 1876,
and on the 16th day of April, 1883, and since those periods,

and on the 10th day of December, 1883, and thereafter, resided upon the land acquired by him from Getta Stewart.

That on the 10th of December, 1883, and since the month of March, 1876, he was the head of a family, and was then of the age of forty-nine years, and was, at the dates mentioned, a naturalized citizen of the United States; and was on the 2d day of October, 1882, and thereafter, on the 10th day of December, 1883, and since, the owner of and in the actual and peaceable possession of the land conveyed to him by Getta Stewart.

That on December 10, 1883, he appeared in person at the United States land office at San Francisco, State of California, and applied to the register to enter as an adjoining farm homestead under the provisions of sections 2289 and 2290 of the Revised Statutes of the United States, the public land above referred to as in his possession. The sections of the Revised Statutes referred to are as follows:

"SEC. 2289. Every person who is the head of a family, or who has arrived at the age of twenty-one years, and is a citizen of the United States, or who has filed his declaration of intention to become such, as required by the naturalization laws, shall be entitled to enter one quarter section or a less quantity of unappropriated public lands, upon which such person may have filed a preëmption claim, or which may, at the time the application is made, be subject to preëmption at one dollar and twenty-five cents per acre; or eighty acres or less of such unappropriated lands, at two dollars and fifty cents per acre, to be located in a body, in conformity to the legal subdivisions of the public lands, and after the same have been surveyed. And every person owning and residing on land may, under the provisions of this section, enter other land lying contiguous to his land, which shall not, with the land so already owned and occupied, exceed in the aggregate one hundred and sixty acres.

"SEC. 2290. The person applying for the benefit of the preceding section shall, upon application to the register of the land office in which he is about to make such entry, make affidavit before the register or receiver that he is the

head of a family, or is twenty-one years or more of age, or has performed service in the army or navy of the United States, and that such application is made for his exclusive use and benefit, and that his entry is made for the purpose of actual settlement and cultivation, and not either directly or indirectly for the use or benefit of any other person; and upon filing such affidavit with the register or receiver on payment of five dollars when the entry is of not more than eighty acres, and on payment of ten dollars when the entry is for more than eighty acres, he shall thereupon be permitted to enter the amount of land specified."

That in compliance with these sections of the Revised Statutes, and on December 10, 1883, the cross-complainant made affidavit before the register of the United States land office at San Francisco, California, that he was then the head of a family, and of the age of fifty-six years, and a naturalized citizen of the United States, and that the application was for his exclusive use and benefit; that the entry of the land was made for the purpose of actual settlement and cultivation, and not either directly or indirectly for the use and benefit of any other person, and that the land was not mineral land, and that he was the owner of adjoining land upon which he was then residing, and the amount of land applied for would not, with the land already owned by him, exceed in the aggregate one hundred and sixty acres.

That he paid the fees and commissions required by law and demanded by the land officers, and thereupon was permitted to enter the land as an adjoining farm homestead, and that the receiver of the land office gave to him a receipt therefor.

He further alleges that on the 13th of December, 1883, the plaintiff in the action, McHarry, filed a preëmption declaratory statement in the United States land office at San Francisco, alleging settlement on the 19th of January, 1876, upon a tract of land described substantially as the premises for which recovery is sought in the present action, and gave notice that he claimed a preëmption right to the land.

That the land described in the preëmption declaratory statement of the plaintiff included the land in the actual possession

of, and entered by, the cross-complainant as an adjoining farm homestead. That plaintiff did not then, nor has he ever since, had possession of the land included in the cross-complainant's homestead entry, or any part thereof.

He further alleges that a hearing of their respective claims was had before the register and receiver of the United States land office at San Francisco, and that he, the cross-complainant, and the plaintiff produced witnesses in support of their respective claims to the land, whose testimony was taken and reduced to writing in the land office.

That at such hearing the fact was proved that the cross-complainant had been in the actual, peaceable, and continuous possession of the land included in his homestead entry since the month of March, 1876; that Getta Stewart, his wife, was in the actual possession of the land conveyed to him, by her deed, and had been in such actual possession since the year 1871 to the date of the conveyance, and that with the deed she delivered possession thereof to him, and that he then took possession thereof and continued in actual possession thereof with his family, consisting of his wife, said Getta Stewart, and her children by her former marriage, on the 10th day of December, 1883; and that the facts thus proved were not disputed, and that no evidence whatever to put the facts so proved in issue was ever brought before said land officers at the hearing.

That at the hearing of the contest before the register and receiver the fact was proven that the plaintiff and members of his family threatened the life of the cross-complainant and attacked him at various times since he took possession of the lands, shot at him at the house in which he and his family resided, and thus put him in reasonable fear of his life and of personal violence of himself and family, and thereby compelled him to remove to the town of Martinez, and that thereafter he employed tenants who held actual possession of the land for him, and that the tenants were assaulted by the plaintiff in a similar manner, and that upon two occasions the plaintiff and members of his family were arrested for such assaults. That the register and receiver refused to find facts from such testimony, and decided that it was unnecessary to consider the same.

That the plaintiff claimed to have made a settlement upon adjoining subdivisions of land, and by reason of such settlement included the land in the possession of, and contained in the homestead entry of the cross-complainant, in his preëmption claim, and the register and receiver found such facts to be true, but nevertheless decided that the land included in the cross-complainant's homestead entry was not a valid adverse claim to the plaintiff's preëmption claim, for the reason that the cross-complainant did not acquire any right or title by the deed from his wife to the land adjoining the land embraced in his homestead entry, in which ruling they erred.

And the cross-complainant further avers that on March 7, 1885, the land officers made a decision in the matter of the conflicting claims of the cross-complainant and plaintiff to the land, in favor of the plaintiff.

That on the 10th day of March, 1885, being within the time required by, and in accordance with, the rules and regulations of the General Land Office, the cross-complainant filed his appeal from the decision of the register and receiver to the Commissioner of the General Land Office.

That thereupon the Commissioner of the General Land Office considered the same and reviewed the evidence and the decision of the register and receiver, and on the 1st day of September, 1886, rendered a decision reversing that of the register and receiver, and awarding to the cross-complainant the land claimed by him and included in his homestead entry.

That thereupon the plaintiff McHarry, on the 6th day of November, 1886, appealed from the decision of the Commissioner of the General Land Office in the contest to the Secretary of the Interior.

That on the 16th day of September, 1889, the Secretary of the Interior reversed the decision of the Commissioner of the General Land Office, awarding the public land claimed by the cross-complainant to the plaintiff. One ground of the decision of the Secretary, awarding the public land to the plaintiff, is thus stated in his opinion:

" The statute requires *residence* on the original farm. The proof shows that Stewart and his family, while making a show

of residence on the tract claimed as an original farm, had in fact leased said farm to a tenant for a number of years, covering the period of his adjoining farm entry, and that they in fact resided several miles from said farm in the town of Martinez, where Stewart had an established permanent business and a residence connected with his place of business. The excuse set up by Stewart for such non-residence, namely, that it was because of danger of violence and injury at the hands of the McHarrys, is not sustained by the evidence. Mrs. Stewart testifies that she went to the farm and remained there for short periods, whenever she felt inclined, and seems never to have been molested, and no attempt by the McHarrys to prevent Stewart or his family from residing on the original farm at any time is shown."

The plaintiff demurred to the cross-complaint, the demurrer was sustained; and judgment was rendered thereon, and on the answer, in favor of plaintiff, and defendant appealed to the Supreme Court of the State by which the judgment was affirmed. 35 Pac. Rep. 141.

The Supreme Court held that Stewart's ownership and title were sufficient to entitle him to an additional farm homestead, and that the land department erred as matter of law in its conclusion in regard thereto, but that in respect of Stewart's residence on the land conveyed to him by his wife, that was a question of fact, and the court had no jurisdiction to re-examine the conclusions of the land department thereon in the absence of a clear showing that the decision was procured by fraud or imposition, which did not appear in the case. With these views we concur.

*Judgment affirmed.*