SMALL, APPELLANT, v. RAKESTRAW, RESPONDENT.

(No. 1,592.)

(Submitted May 29, 1903. Decided June 16, 1903.)

*Public Lands—Homestead — Residence — Decision by Land Department—Review by the Courts—Patents — Trustee— Evidence.*

1. A residence for voting purposes in another precinct than that in which land is situated precludes an entryman from claiming residence at the same time on the land for homestead purposes.

2. The question of an entryman's residence upon the land and the *bona fides* of his settlement thereon is one of fact the determination of which by the officers of the land department is conclusive upon the courts, in the absence of fraud or imposition.

3. It not appearing that the secretary of the interior, in holding that one claiming under the homestead law had not complied therewith as to resi-

dence, had no other evidence before him than that he had a residence for voting purposes in another precinct, it cannot be said that his decision was on an erroneous construction of the law, so as to allow interference by a court, even if his holding that residence for voting purposes in one precinct precluded his claiming residence at the same time on land in another precinct for homestead purposes was wrong.

4    That the holder of the legal title under a patent may be adjudged to hold it as trustee for plaintiff, because of an erroneous ruling of the land department, it is necessary to show not only that defendant was not entitled to the patent, but that plaintiff was so entitled.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ACTION by Walter W. Small against Samuel O. Rakestraw. Judgement for defendant. Plaintiff appeals. Affirmed.

*Messrs. Foot & Pomeroy,* for Appellants.

A court of equity will not permit a nonjudicial or a quasi-judicial officer, in any proceedings before him, by the misconstruction of any law, to take property from one person, under the law entitled to it, and give it to another. *(Johnson* v. *Towsley,* 13 Wall. 72; *Sanford* v. *Sanford,* 139 U. S. 642; *Hawley* v. *Diller,* 178 U. S. 476, 20 Sup. Ct. Rep. 986; *Baldwin* v. *Starks,* 107 U. S. 463, 465, 27 L. Ed. 526, 2 Sup. Ct. Rep. 473; *Cornelius* v. *Kessel,* 128 U. S. 456, 461, 32 L. Ed. 482, 9 Sup. Ct. Rep. 122; *Quinby* v. *Conlon,* 104 U. S. 420, 426, 26 L. Ed. 800, 802; *Rector* v. *Gibbon,* 111 U. S. 276, 4 Sup. Ct. Rep. 605, 612; *Bernier* v. *Bernier,* 147 U. S. 242, 13 Sup. Ct. 244, 246; *Northern Pac. R. Co.* v. *Colburn,* 164 U. S. 383, 17 Sup. Ct. Rep. 98; *Northern Pacific R. Co.* v. *McCormick,* 19 C. C. A. 165, 167; *United States* v. *Northern Pacific R. Co.,* 37 C. C. A. 290, 296; Note 2 in *Hartman* v. *Warren,* 22 C. C. A. 40; *Hartman* v. *Smith,* 7 Mont. 19-29; *Colburn* v. *Northern Pac. R. Co.,* 13 Mont. 476; *Moore* v. *N. P. R. Co.,* 18 Mont. 290; *Murray* v. *Mont. Lumber & M. Co.,* 25 Mont. 14.)

Voting in a different precinct from that in which the land is located may be an illegal act, and as such subject the entryman

to punishment for illegal voting, but it does not necessarily work a forfeiture of his established place of residence or property rights.    (*Spaulding* v. *Steele* (Mich.), 88 N. W. 627; *Dickenson* v. *Inhabitants of Brookline* (Mass.), 63 N. E; 331; *Hoscall* v. *Hafford* (Tenn.), 65 S. W. 423; *California* v. *Sevoy,* 9 L. D. 142.)

A residence once established or acquired is presumed to continue until it is shown to have been changed.    (5 Ency. Law (1st Ed.), p. 865, paragraph 4, note 1; 6 Ency. Law (1st Ed.), p. 123 and notes; Vol. I, Rice on Evidence, p. 85, citing *Mitchell* v. *United States,* 88 U. S., 21 Wall. 350, 22 L. Ed. 584; Wharton on Evidence, Vol. 2, Sec. 1285, p. 465.)

Before abandonment can be established, change of residence must be clearly shown.    The most important and the all necessary element in establishing or changing a residence is the intention of the party.    With this must be coupled the act. The union of the two is indispensable.    This rule is recognized by the department in the case of *Anderson* v. *Anderson,* 5 L. D. 6, 7, and in *William Penrose,* 5 L. D. 179.  "To constitute the new domicile two things are indispensable:  First, residence in the new locality; and, second, the intention to remain there.    The change cannot be except *facto et animo.*    Both are alike necessary.    Either without the other is insufficient."    (*Mitchell* v. *United States,* 88 U. S. 21 Wall. 350, 22 L. Ed. 584, 588.)    The place where a person lives and makes his home in his domicile.    (*Id.*)    The land department has recognized that domicile and residence are convertible terms in the decision of Secretary Lamar *In re James Woodley,* 4 L. D. 198, 200.

"A settlement cannot be made upon public lands already occupied; as against existing occupants, the settlement of another is ineffectual to establish a preemptive right.    Such is the purport of the decisions in *Atherton* v. *Fowler,* 96 U. S. 513, XXIV, 732, and *Hosmer* v. *Wallace,* 97 U. S. 575, XXIV, 1130."    (*Quinby* v. *Conlon,* 104 U. S. 420-427, 26 L. Ed. 800-801.)    The findings are that the plaintiff and the man

sent by him to cultivate the land were driven from it by defendant in the year 1891. "One who occupies public land against the will and over the protest of one having a homestead entry upon such land is a trespasser." (*Glover* v. *Swartz,* 58 Pac. (Okla.) 943, 944, and many cases therein cited.) "An adverse claimant will not be allowed to take advantage of his own wrongful acts in preventing an entryman from maintaining a continuous residence." (Secretary Smith in *Johnston* v. *Harris,* 20 L. Ed. 183; *Vaughan* v. *Gammon,* 27 L. D. 438, 444.) A court of equity will decree that the defendant holds the legal title as trustee for the plaintiff. (*Stark* v. *Starr,* 73 U. S., 6 Wall. 102, 18 L. Ed. 925; *Cornelius* v. *Kessel, Baldwin* v. *Stark, Hawley* v. *Diller, Rector* v. *Gibbon, Quinby* v. *Conlon,* and numerous other cases cited *supra.*)

MR. COMMISSIONER CALLAWAY prepared the opinion for the court.

On demurrer to complaint. The substance of the complaint is that in a contest for a tract of land between the plaintiff here, Walter W. Small, and the defendant here, Samuel O. Rakestraw, before the land department, the secretary of the interior erroneously decided in favor of Rakestraw, and that, had it not been for the wrongful acts of the defendant, and the erroneous ruling of the secretary, patent for the land would have issued to plaintiff. The prayer of the complaint is that the defendant shall be decreed to hold the title to the land in trust for the plaintiff, and convey it to him. To this complaint the defendant interposed a demurrer, alleging that "the court has no jurisdiction of the cause, or the subject-matter thereof," and that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the plaintiff refusing to amend, judgment was entered for defendant for costs. From this judgment, the plaintiff appeals.

Plaintiff alleges that he settled upon the land in controversy during the latter part of the year 1886, and resided thereon

continuously until after he submitted final proof upon his homestead claim to the land department. The lands became subject to entry on August 16, 1891, under the laws of the United States, and on the day following the plaintiff entered the same under the homestead law, and on January 26, 1892, made final proof in furtherance of such entry. March 26, 1892, Rakestraw filed an affidavit of contest against appellant's homestead entry, charging that Small had failed to comply with the United States law as to residence. The hearing was had before the register and receiver of the local land office, which resulted in favor of Rakestraw. Small thereupon appealed to the commissioner of the general land office, who found in his favor, and ordered the contest dismissed. Rakestraw then appealed to the secretary of the interior, who reversed the decision of the commissioner, and ordered Small's homestead entry canceled. In giving his opinion, the secretary said: "Plaintiff filed his affidavit of contest against the defendant's homestead entry, charging that the entryman had failed to comply with the law as to residence. The testimony of Small himself is that he never voted in the precinct in which his homestead entry lies, but did vote at other points, a long distance from his homestead, at least twice during the time he claims he was seeking to maintain residence upon the land. He runs a carpenter shop in town, and, to use his own words, 'determined to return to the ranch only often enough to keep a good showing of habitation.' His excuse for that was that the plaintiff threatened him with violence if he undertook to stay on the land. Without passing upon any other question, it is enough to say that a residence for voting purposes in another precinct from the land precludes an entryman from claiming residence at the same time on the land for homestead purposes. (*George T. Burns*, 4 L. D. 62; *Hart* v. *McHugh*, 17 L. D. 176; *Edwards* v. *Ford and O'Connor*, decided June 18, 1894.)"

Plaintiff contends that, in saying "a residence for voting purposes in another precinct from the land precludes the entryman from claiming residence at the same time on the land for

homestead purposes," the secretary committed such "a gross mistake and misapplication and misconstruction of the law" as brings this case within the rule that whenever it is made to appear to a court of equity that the officers of the land department have issued a patent to the wrong person by reason of a. mistaken application of the law to the facts in the case, the court will, in a proper proceeding, interfere, and control the determination of the department so as to secure the just rights of the parties injuriously affected. In coming to his determination as to the plaintiff's residence upon the land, and the *bona fides* of his settlement thereon, the secretary passed upon questions of fact, whereof he was the exclusive judge, in the absence of fraud or imposition, and neither is shown in this case.

Plaintiff says that the secretary was in error in drawing a conclusive presumption of abandonment from the fact that plaintiff voted in Granite and Bonner, precincts other than the one in which his homestead claim was. Granite is in another county. What other evidence touching the question of plaintiff's residence for voting purposes may have been before the secretary, we do not know, as it does not appear from the complaint that the only facts before him on that subject were those relating to plaintiff's voting at Granite and Bonner. The question of residence is one of fact. (*McHarry* v. *Stewart* (Cal.), 35 Pac. 141; *Stewart* v. *McHarry,* 159 U. S. 643, 16 Sup. Ct. 117, 40 L. Ed. 290.)

From the facts before him, the secretary decided that the plaintiff had not resided upon his homestead continuously for the five years prior to January 26, 1892. On the contrary, he found that the plaintiff had established a residence elsewhere for voting purposes during that time. And we think the secretary's statement that "*a residence for voting purposes* in another precinct from the land precludes an entryman from claiming residence at the same time on the land for homestead purposes" is correct. Whether the secretary erred in his finding upon the facts submitted to him is immaterial in this inquiry. It makes no difference what our conclusion on the subject might

be.  (*Bohall* v. *Dilla,* 114 U. S. 47, 5 Sup. Ct. 782, 29 L. Ed. 61.)

"The officers of the land department are specially designated by law to receive, consider, and pass upon proofs presented with respect to settlements upon the public lands, with a view to secure rights of pre-emption.  If they err in the construction of the law applicable to any case, or if fraud is practiced upon them, or they themselves are chargeable with fraudulent practices, their rulings may be reviewed and annulled by the courts when a controversy arises between private parties, founded upon their decisions; but, for mere errors of judgment upon the weight of evidence in a contested case before them, the only remedy is by appeal from one officer to another of the department."  (*Shepley* v. *Cowan,* 91 U. S. 340, 23 L. Ed. 424, quoted in *Moore* v. *Robbins,* 96 U. S. 530, 24 L. Ed. 848.)

In *Lee* v. *Johnson,* 116 U. S. 48, 6 Sup. Ct. 249, 29 L. Ed. 570, Mr. Justice Field, speaking for the court, said: "Without going into any detail of the evidence presented to the commissioner and the secretary of the interior, but taking the general statement of its nature, which we have given, it is clear that their attention was drawn by it to the character of the settlement of Johnson, and that they considered whether his entry was made to acquire a home for himself or for his son-in-law, whether his residence had been sufficiently personal and continuous to save and perfect any right, if in fact he had ever initiated and, and whether or not he had abandoned the land. The findings of the secretary upon any of these matters must be taken as conclusive, in the absence of any fraud and imposition such as we have mentioned.  Upon this point it is only necessary to refer to the cases where this conclusive character of the action of the department upon matters of fact cognizable by it has been expressly affirmed.  *Johnson* v. *Towsley,* 13 Wall. 72, 20 L. Ed. 485 ; *Shepley* v. *Cowan,* 91 U. S. 330, 340, 23 L. Ed. 424; *Moore* v. *Robbins,* 96 U. S. 530, 535, 24 L. Ed. 848 ; *Quinby* v. *Conlan,* 104 U. S. 420, 426, 26 L. Ed. 800 ; *Smelting Co.* v. *Kemp,* 104 U. S. 636, 640; 26 L. Ed. 875 ; *Steel* v.

*Smelting Co.,* 106 U. S. 447, 450, 27 L. Ed. 226." (And see *Murray* v. *Montana Lumber & Manufacturing Co.,* 25 Mont. 14, 63 Pac. 719; *Sanford* v. *Sanford,* 139 U. S. 642, 11 Sup. Ct. 666, 35 L. Ed. 290.)

"It would lead to endless litigation and be fruitful of evil. if a supervisory power were vested in the courts over the action of the numerous officers of the land department, on mere questions of fact presented for their consideration." (*Quinby* v. *Conlan,* 104 U. S. 430, 26 L. Ed. 800.)

The following language in *Moore* v. *Northern Pacific Railroad Company,* 18 Mont 290, 45 Pac. 215, is applicable to this case: "Counsel for appellant contends that decisions of the secretary of the interior, made solely on the construction of the law, may be attacked in this proceeding; but it nowhere appears that the land contest between plaintiff and defendant was determined by the secretary of the interior upon a construction of the law only. As far as the record shows, the secretary passed upon the facts, and we cannot say that his decision was arrived at from a construction of the law only. Decisions are generally rendered upon a consideration of both law and facts." (See *Power* v. *Sla,* 24 Mont. 243, 61 Pac. 468.)

The plaintiff contends, however, that a settlement cannot be made upon public lands already occupied, and therefore the defendant had no right to obtain the patent, for the reason that he initiated his claim to the land in controversy by trespass upon the plaintiff. In answer to this contention, we quote the following from the opinion of the court in *Bohall* v. *Dilla, supra:* "To charge the holder of the legal title to land under a patent of the United States, as a trustee of another, and to compel him to transfer the title, the claimant must present such a case as will show that he himseslf was entitled to the patent from the government, and that, in consequence of erroneous rulings of the officers of the land department upon the law applicable to the facts found, it was refused to him. It is not sufficient to show that there may have been error in adjudging the title to the patentee. It must appear that by the law, prop-

erly administered, the title should have been awarded to the claimant. (*Smelting Co.* v. *Kemp,* 104 U. S. 636, 647, 26 L. Ed. 875 ; *Boggs* v. *Merced Mining Co.,* 14 Cal. 279, 363.) It is therefore immaterial for the decision of this case what our judgment may be upon the conclusions of those officers as to the possession of the patentee."

We are of the opinion that the complaint does not state facts sufficient to invoke the action of a court of equity, and therefore the judgment should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is affirmed.

