LOVE, APPELLANT, *v.* FLAHIVE ET AL., RESPONDENTS.

(No. 2,194.)

(Submitted December 1, 1905. Decided December 18, 1905.)

*Public Lands—Land Department—Findings of Officers—Conclusiveness—Homesteads—Application.*

Land Department—Findings of Officers—Conclusiveness.
  1.  In the absence of fraud, a finding of the officers of the Land Department, to the effect that two applications to make entry of the same parcel of public land were tendered simultaneously, is conclusive upon the courts.

Public Lands—Homestead Applications—Simultaneous Filing.
   2.   Where two applications for homestead entry on the same land were
   filed simultaneously, after the expiration of three months from the
   date the official plat was approved and filed in the local land office, a
   finding of the Secretary of the Interior that the applicant who had
   preserved his right to the land intact since his settlement should be
   given preference over the other, who had relinquished or abandoned
   his right, in the absence of evidence that the latter's right had been
   re-established prior to the date of settlement by the former appli-
   cant, was proper.
Public Lands—Homestead Applications—Questions of Fact—Land Depart-
   ment.
   3.   As between two simultaneous applications for entry of home-
   stead land, the question as to which of the applicants had made the
   prior settlement was a question of fact for the determination of the
   Land Department.

*Appeal from District Court, Missoula County; F. C. Webster,
Judge.*

ACTION by Edward H. Love against Annie Flahive and An-
drew J. Lansing.   From a judgment in favor of defendants,
plaintiff appeals.   Affirmed.

*Messrs. Toole & Bach,* and *Mr. Charles E. Pew,* for Appel-
lant.

A mistake or error of the Land Department in construing
the law on account of which the lands of one are given to an-
other entitles the real owner to a decree in equity, treating such
other as a trustee, and requiring him to convey to the true
owner.   (*Starks* v. *Starrs,* 6 Wall. 402, 18 L. Ed. 925; *Lylle*
v. *Arkansas,* 22 How. 193, 16 L. Ed. 306; *Garland* v. *Winn,* 20
How. 8, 15 L. Ed. 243; *Lindsey* v. *Hawkes,* 2 Black, 554, 17 L.
Ed. 265; *State* v. *Strauter,* 21 Land Dec. 453; and especially
*Johnson* v. *Towsley,* 13 Wall. 72, 20 L. Ed. 485.)   Under the
statute all of Flahive's rights were forfeited, and he was in
no situation to reassert them to the premises actually enclosed
and possessed by plaintiff, and if he was, he is charged with do-
ing so *before* plaintiff, and a simultaneous application would be
entirely insufficient.   (*Johnson* v. *Towsley,* 13 Wall. 72, 20
L. Ed. 485.)   If both parties were guilty of laches, the failure
of Flahive to file on the eleventh day of March made plaintiff

in possession prior settler, and required Flahive to file, not *simultaneously,* but *first* to defeat it. It seems that under such circumstances the filing of Flahive on the 14th of June simultaneously with plaintiff was void. Whatever possession and *right of possession* he had on the tenth day of March were extinguished by the actual occupancy and claim of plaintiff at that time. Two things were necessary, then, to take this right from him: First, a forfeiture, and second a prior filing thereafter. Here there was a forfeiture but no prior filing. This under the law does not extinguish the rights acquired by the claim and possession of plaintiff, after forfeiture by defendant Flahive. (*Turner* v. *Sawyer,* 150 U. S. 587, 14 Sup. Ct. 192, 37 L. Ed. 1191. See, also, *Hosmer* v. *Wallace,* 97 U. S. 575, 24 L. Ed. 1130.) The second application of Love did not necessarily operate as an abandonment of his first application of April 5th. All that can be said is that if the law required a new filing, it was made; if it did not, he could rely upon his former filing after the forfeiture by Flahive. (*Motherway* v. *Parks,* 13 Land Dec. 56; *Perrott* v. *Connick,* 13 Land Dec. 598.) The complaint alleges the delivery of the application to enter, the possession of it for that purpose, the erroneous rejection on the fifth day of April, its reversal on appeal, and assigns as fatal error the failure to so treat it as filed, instead of the date upon which the entry was made. Under these conditions the officers of the Land Department committed an error by not treating it filed as of that date, on account of which the patent which should have gone to plaintiff was awarded to defendant Flahive. This error, we insist, is absolutely conclusive of the questions involved in favor of the plaintiff, under the following authorities: *Duluth etc. Ry. Co.* v. *Roy,* 173 U. S. 590, 19 Sup. Ct. 549, 43 L. Ed. 822; *Lytle* v. *Arkansas,* 9 How. 314, 13 L. Ed. 153; *Ard* v. *Brandon,* 156 U. S. 537, 15 Sup. Ct. 406, 39 L. Ed. 524; *Shepley* v. *Cowan,* 91 U. S. 330, 23 L. Ed. 424; *Motherway* v. *Parks,* 13 Land Dec. 56; *Perrott* v. *Connick,* 13 Land Dec. 598; *Roy* v. *Duluth etc. Ry. Co.,* 69 Minn. 522, 72 N. W. 794; *Hosmer* v. *Wallace,* 97 U. S. 575, 24 L. Ed. 1130; *Bohall* v.

*Dilla,* 114 U. S. 47, 5 Sup. Ct. 782, 29 L. Ed. 61; *Atherton* v. *Flower,* 96 U. S. 513, 24 L. Ed. 732.

*Messrs. Woody & Woody,* and *Mr. Elmer E. Hershey,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to obtain a decree declaring the defendant, Annie Flahive, trustee for the benefit of the plaintiff of the legal title to the east half of the southeast quarter of section 22, township 20, north of range 26 west, in Missoula county. The defendant Lansing is made a party because he appears of record as a holder of a mortgage upon the property from his codefendant. The debt secured by this mortgage is alleged to have been paid, except a small balance. The district court sustained a general demurrer to the complaint, and, plaintiff declining to amend, entered judgment for the defendants. Plaintiff has appealed from the judgment.

The complaint is prolix and contains much matter that is immaterial. The pertinent facts, as they appear from its allegations and the exhibits attached to and made a part of it, are substantially as follows: In May, 1882, the plaintiff, being a citizen of the United States and qualified to acquire a homestead upon the public domain under the federal homestead laws, settled upon the east half of the northeast quarter of section 27, township 20, north of range 26 west, and built a house thereon. He claimed this land and also the land in controversy immediately to the north. He fenced it all except the north twenty acres of the disputed portion. One Michael Flahive, the husband of the defendant, Annie Flahive, then worked for him and built the fence. The land had not been surveyed. In October, 1884, Michael Flahive made settlement on the northwest quarter of the southeast quarter of section 22. He built a house thereon, and thereafter claimed the whole of that quarter of the section as his homestead. He was also qualified to acquire a

homestead under the laws of the United States. He retained possession of the west half of the quarter section and also of the unfenced portion of the east half and cultivated it.

The official survey was made in 1886, but the plat was not approved and filed in the local land office until December 11, 1888. On January 2, 1889, the plaintiff executed the papers necessary to enter the land claimed by him. On January 16th Flahive executed the papers necessary to enter the southeast quarter of section 22. It does not appear distinctly from the allegations of the complaint when the applications were tendered to the officers of the local land office. However the fact may have been, in the subsequent controversy between the parties as to which of them was entitled to enter the land in dispute, these officers found and declared that the entries were tendered simultaneously, and by a decision made on August 20, 1890, fixed the date as June 14, 1889, and, inasmuch as the plaintiff appeared to have been the first settler, recognized his claim, permitted him to make the entry, and rejected Flahive's application as to the disputed portion. This decision was, upon successive appeals to the commissioner of the general land office and the Secretary of the Interior, affirmed, the decision of the Secretary of the Interior being rendered on January 12, 1894.

In the meantime Flahive died. The defendant, Annie Flahive, his widow, thereupon filed a motion for a rehearing, the ground alleged being that subsequent to his settlement in 1882, the plaintiff had, by a sale, parted with his interest in the portion of section 22 in controversy to one Rundall, who in turn had sold to Flahive, with the result that the plaintiff's right to entry was subject to that of her husband Flahive. The rehearing was granted and the matter referred to the local officers for proof. Again the decision of these officers was in plaintiff's favor. Upon final appeal to the Secretary of the Interior this decision was reversed and the rights of the defendant Flahive held superior to those of the plaintiff. This decision was rendered on December 26, 1896. A motion for rehearing by the plaintiff, on the ground that the records of the local land office showed that

his application for entry was in fact made prior to that of Flahive, and as early as April 5, 1889, was denied on March 15, 1897. Thereupon Flahive's entry was allowed and patent issued to Annie Flahive.

In making the decision of December 26, 1896, the Secretary of the Interior had before him evidence from which he found that subsequent to the date of plaintiff's entry in 1882, he had sold his interest, whatever it was, in the land in dispute to one Rundall, who in turn sold it to Flahive, and held that, such being the case and the two entries having been tendered simultaneously, the Flahive application should be given preference.

By the motion for rehearing by plaintiff, there was submitted the question whether, upon the records, the application for entry by the plaintiff had not in fact been made prior to June 14, 1889, and as early as April 5, 1889. It does not appear from the allegations of the complaint that such was the case; nor that the finding by the officers of the local land office that the entries were tendered simultaneously was erroneous. The decision of the Secretary of the Interior held in effect that, since the entries were tendered simultaneously, it was of no consequence whether June 14th or April 5th was the correct date, that the result of the sale by the plaintiff was the same in either event, and that it operated as an estoppel against plaintiff's claims to preference.

The contention is made that the officers of the Land Department erred in holding that the fact that plaintiff's application for entry was tendered to the officers of the local land office as early as April 5, 1889, was immaterial, since, if the application was in fact made at that time, he, being the first settler, had the preference. The further contention is made that if the applications were tendered simultaneously on June 14, 1889, the plaintiff was entitled to the preference, because, Flahive having failed to avail himself of his preferential right during the three months following the approval of the survey and the receipt of the plat at the local land office (U. S. Rev. Stats. 2266; 21 Statutes at Large, p. 140, secs. 2, 3), the right

of plaintiff under his prior settlement became again superior, even if it be conceded he had lost it in the first instance by sale to Rundall subsequent to such settlement. In other words, let it be conceded that the sale operated as an estoppel to his assertion of a claim to preferential entry until the expiration of the time during which Flahive had the exclusive right—that is, until the expiration of the three months after the receipt of the plat at the local land office—the plaintiff's old right revived and he should have been given preference, though the applications for entry were tendered simultaneously. It is said that in deciding both matters there was error in the application of the law to the facts, and plaintiff invokes the rule that whenever the officers of the Land Department of the United States have misconstrued the law involving the rights of entrymen, or have made a misapplication of it to the facts of the particular case, with the result that a patent has been issued to the wrong person, and thus an injustice is done to another who is of right entitled to it, a court of equity will hold the former a trustee for the latter and decree title accordingly. This rule is well settled. (*Small* v. *Rakestraw*, 28 Mont. 413, 104 Am. St. Rep. 691, 72 Pac. 746; *Johnson* v. *Towsley*, 13 Wall. 72, 20 L. Ed. 485.) But we think it has no application to this case.

In holding that it was not material whether the plaintiff's application to make entry was in fact tendered on April 5 or June 14, 1889, the Secretary's decision was clearly right. By the decision of August 20, 1890, it was found by the local officers that the entries were tendered simultaneously. So far as the record shows, this finding was never questioned. Nor was the date of filing ever questioned until, by the motion for a rehearing, decided by the Secretary on March 15, 1899, the Secretary held that even if the local officers were mistaken in fixing June 14th as the date, the fact of simultaneous application still remained unquestioned, and that the difference in the date did not avail. If it be assumed that the finding of the local officers was erroneous as not being in accordance with the preponderance of the evidence, or that the decision of the Secretary was

wrong for the same reason, yet what the evidence before them was does not appear; and if it did, this court could not assume to review it and reach a different conclusion; for, in the absence of fraud, the findings of the officers of the Land Department upon all questions of fact are conclusive upon the courts. (*Small* v. *Rakestraw, supra,* and cases cited.)

Again, it is manifest that if the plaintiff after his settlement had sold his interest to Flahive, the latter had the exclusive right of entry until March 11, 1889. As between the two applications tendered before that date, Flahive was entitled to preference. If plaintiff's right had been sold or abandoned by him, it must follow that his settlement in 1882 could not be recognized as initiating any right of preference over Flahive, who had preserved his from the date of settlement in 1884. After the expiration of the three months from December 11, 1888, the parties stood upon equal footing, and the one first tendering. his application was entitled to preference. Since they were tendered simultaneously and both parties founded their claim of right upon their first settlement, the Secretary of the Interior concluded that the Flahive right, which had been preserved intact, should be given preference over one which had been relinquished or abandoned, nothing appearing to show that the latter had ever been re-established prior to the date of Flahive's settlement. After a claim has once been abandoned, the right to it may be acquired by any other person who desires to take it.

Counsel for appellant have devoted much of their argument to the contention that the Secretary in his decision of December 26, 1896, holding that the plaintiff was estopped by his sale to Rundall to claim a preference right, undertook to adjudicate the equities between the parties, whereas all these matters should have been left to be determined by a court of equity having cognizance of such matters. It is of no consequence whether the result of the sale be called an estoppel or an abandonment. The fact that there was a sale made was material in an investigation of the questions then before the Sec-

retary and entirely within his jurisdiction to decide, to-wit: who made the prior settlement and was therefore entitled to entry? This being a question of fact, it was within the jurisdiction of the Department to decide it, and in the absence of fraud, its finding must be deemed conclusive. (*Small* v. *Rakestraw, supra,* and cases cited.)

The judgment of the district court was correct and must be affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

Rehearing denied January 20, 1906.

Appeal taken to supreme court of United States.