DE WITT C. HANDLEY, and others *vs.* JOHN L.
WRIGHTSON, and others.

*Words in a Will creative of Trusts—Precatory words in a*
*Will—Testamentary construction—Near relatives—Statute of*
*Distributions.*

Words of request, desire, expectation and the like in a will, are
creative of trusts, when the contrary does not appear from the
context or by necessary implication.

Precatory words in a will are sufficient to create a trust where the
testator has pointed out with clearness and certainty the objects of
the trust, and the subject-matter on which it is to attach, or from
which it is to arise and be administered.

A testator devised all his lands to his son, and in the event of his
son's death, "leaving no child of the lawful issue of his body
at the time of his death," declared it to be, his will and desire
that his wife S. W. should have his said lands or real estate so
devised to his said son, "with a special request that at her death
she give the said lands to be equally divided between her near
relatives and mine." The son having died without issue, and the
wife of the testator having subsequently died without making
disposition of the property by deed or will, it was HELD :

1st. That by the terms of the devise to his wife a trust was created
in the testator's lands for the benefit of the near relatives of his
wife and himself.

2nd. That no legal uncertainty attached to the term " near relatives "
as used by the testator, they being those who would take under
the Statute of Distributions.

3rd. That the heirs-at-law or next of kin, of the testator were enti-
tled to one undivided half of the land devised, and the heirs-at-
law or next of kin of the testator's widow were entitled to the
other undivided half.

APPEAL from the Circuit Court for Dorchester County,
in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellants, before ROBINSON, YELLOTT, STONE, IRVING, and RITCHIE, J., and submitted on briefs for the appellees.

*Clement Sulivane,* for the appellants.

*Daniel M. Henry, Jr., William R. Martin, Charles E. Hayward,* and *Sewell T. Milbourne,* for the appellees.

RITCHIE, J., delivered the opinion of the Court.

The appeal in this case is from the decree of the Court below based upon its construction of a clause in the last will of William Wrightson, deceased, which is as follows:

"I give and devise to my son, William Clinton Wrightson, all my lands and the residue of my personal estate, after my wife's thirds are taken out, and all my just debts are paid, and the expenses of settling my estate are taken out, with the following proviso—that is to say, if my son, William Clinton Wrightson should die leaving no child of the lawful issue of his body at the time of his death, it is my will and desire that my said wife, Sarah Wrightson, should have my said lands or real estate above devised to my said son, with a special request that at her death she give the said lands to be equally divided between her near relatives and mine."

The said son of the testator having survived his father and having died unmarried and without issue, the widow of the testator, the said Sarah Wrightson, having outlived the said William Clinton Wrightson, who was the only son of herself and William Wrightson, took possession of her husband's said lands, according to the terms of said devise and remained in possession and enjoyment thereof until she died in the year 1881. The said Sarah having died intestate, without having by will, deed or otherwise

given the said lands to be equally divided between her near relatives and the near relatives of her husband, the appellees, as the next of kin or heirs-at-law of the said testator, filed their bill of complaint charging that by the terms of the said devise to said Sarah Wrightson a trust was created under which they became entitled to an undivided one-half of said lands, and the defendants in the bill, as the next of kin or heirs-at-law of the said widow, became entitled to the other undivided one-half of said lands, and praying a sale, because incapable of advantageous partition, of the said lands, and for distribution of the proceeds thereof among the said parties.

· The defendants in their answer, while admitting all the facts alleged in the bill, including the averments that the complainants are the heirs-at-law of the said testator, and the defendants the heirs-at-law of the said widow, and that the said lands are not susceptible of division, deny that any trust was created by said devise, but claim that under it, the said Sarah Wrightson, upon the death of the testator's said son without issue, took a fee simple title to her husband's real estate, subject exclusively to her own power of disposition; and having thus the sole ownership thereof, upon her dying intestate the said real estate vested in them as her next of kin or heirs-at-law, and the complainants had no title or interest whatever in the same.

The Circuit Court, sitting in equity, sustained the construction of the will contended for by the complainants, and decreed a sale accordingly; whereupon the defendants prayed this appeal.

The case thus presented lies within a very narrow compass. ·

As the trust, if any, attached by the testator to his devise to his wife is not couched in the language of command or positive injunction, the first point of inquiry is whether, and to what extent, this Court is disposed to

regard the wishes of a testator when expressed in the form of desire or expectation as grafting a trust upon a devise or legacy; and, secondly, assuming that words of that character will be held to create a trust, is there anything in the terms or nature of the present devise that will defeat the effect such words would otherwise have?

It may be stated as a general result of the cases in regard to the effect of words expressive of wishes of a testator, not imperative in form, that whether the words of the will are those of recommendation or precatory, or expressing hope, or that the testator has no doubt, if the objects with regard to whom such terms are applied are certain, and the subjects of property to be given are also certain, the words are considered imperative and create a trust. 1 *Jarman on Wills*, (*Rand. & Tabb. Ed.*) 680: 2 *Story's Eq. Jur.*, sec. 1068.

It is true a tendency has been manifested by some Courts to restrict the application of this general rule, or to qualify it, and even, as in *Pennock's Case*, 20 *Penn. St. R.*, 272, to reject it altogether, and to adopt as more reasonable the presumption, that, words precatory in form are meant to imply discretion in the donee, and should be so construed, unless clearly shown to be used in an imperative sense from other parts of the will; but we consider the weight of authority to be for upholding words of request, desire, expectation, and the like, as creative of trusts, when the contrary does not appear from the context or by necessary implication.

Among many comparatively late cases in which this doctrine has been maintained may be cited those of *Reed's Administrator vs. Reed*, 30 *Ind.*, 313; *Harrison vs. Harrison's Adm'x*, 2 *Grattan*, 1, and *Warner vs. Bates*, 98 *Mass.*, 274. In the first of these cases the bequest was: "It is my will that my son Stephen shall receive of my estate the sum of two hundred dollars to be paid him at the death of my wife, provided my wife shall outlive me,

which said two hundred dollars it is my wish my son Stephen shall add to the advancement he may make his son, Sampson S. Reed, when Sampson comes of age." The Court held that the bequest created a trust in favor of Sampson and that the legacy was to go to him on his arriving at majority, whether his father made any advancement to him or not. The case in *Grattan* arose upon the construction of a devise very similar to the one in the present case. It was: "In the utmost confidence in my wife, I leave her all my worldly goods to sell or keep for distribution amongst our dear children as she may think proper. My whole estate, real and personal, are left in fee simple to her; only requesting her to make an equal distribution among our heirs. * * * Of course I wish first of all that all my debts shall be paid." It was there held, that the widow was invested with the legal title to the whole estate, subject to the payment of the testator's debts; that she took the beneficial interest in the estate for her life, and that the children of the marriage took a vested remainder in fee in the estate to commence in possession at the widow's death; or earlier at her election. This decision distinctly recognizes the principle, that precatory words in a will are sufficient to create a trust, where the subject and object are certain.

In *Warner vs. Bates*, 98 *Mass.*, 274, the wife in her will gave to her husband the use and income of the estate, "in the full confidence" that he would give her children by a former marriage such comfort and support as they might stand in need of. The Court in that case held that these words subjected the income to a trust which could be enforced in equity.

BIGELOW, C. J., in pronouncing the opinion, discusses the doctrine of precatory trusts with such clearness and ability, and the relations of the testator and the legatee being that of husband and wife, as in this case, we make the following quotation from his opinion:

"We see no sufficient ground for calling in question the wisdom or policy of the rule of construction uniformly applied to wills in the Courts in England, and in most of the United States, that words of entreaty, recommendation or wish, addressed by a testator to a devisee or legatee, will make him a trustee for the person or persons in whose favor such expressions are used, provided the testator has pointed out with clearness and certainty the objects of the trust, and the subject-matter on which it is to attach, or from which it is to arise and be administered. The criticisms which have been sometimes applied to this rule by text writers, and in judicial opinions, will be found to rest mainly on its applications in particular cases, and not to involve a doubt of the correctness of the rule itself, as a sound principle of construction. Indeed, we cannot understand the force or validity of the objections urged against it, if care is taken to keep it in subordination to the primary and cardinal rule that the intent of the testator is to govern, and to apply it only where the creation of a trust will clearly subserve that intent. It may sometimes be difficult to gather that intent, and there is always a tendency to construe words as obligatory in furtherance of a result which accords with a plain moral duty on the part of a devisee or legatee, and with what it may be supposed the testator would do if he could control his action. But difficulties of this nature, which are inherent in the subject-matter, can always be readily overcome by bearing in mind and rigidly applying in all such cases the test, that to create a trust it must clearly appear that the testator intended to govern and control the conduct of the party to whom the language of the will is addressed, and did not design it as an expression or indication of that which the testator thought would be a reasonable exercise of a discretion which he intended to repose in the legatee or devisee. If the objects of the supposed trust are certain and definite ; if the property to

which it is to attach is clearly pointed out; if the relations and situation of the testator and the supposed *cestuis que trust* are such as to indicate a strong interest on the part of the testator in making them partakers of his bounty; and above all, if the recommendatory or precatory clause is so expressed as to warrant the inference that it was designed to be peremptory on the donee; the first and reasonable interpretation is that a trust is created which is obligatory and can be enforced in equity as against the trustee by those in whose behalf the beneficial use of the gift was intended. * * * * It is suggested that in other clauses of the will, in which she creates a trust in favor of her daughters for their respective shares of her estate, of which they are to have the entire income after the death of her husband, she does not use words of entreaty, request and recommendation, but apt and technical words by which to establish a trust in their behalf. But we think this suggestion is not entitled to much weight. She might well express herself in a different language when addressing her husband from that which she would use toward strangers, and at the same time intend a similar result. Words of confidence, entreaty and recommendation were natural and appropriate when used to express the will of a testatrix who intended to direct and control the conduct of her husband in a matter in which the right to give directions and to control belonged to her. In such a case, the words of Lord LOUGHBOROUGH are applicable: 'Where a person recommends to another who is independent of him, there is nothing imperative; but if he recommends that to be done by a person whom he has a right to order to do it, the mode is only civility.' "

In support of this opinion the Chief Justice cites a number of authorities, both English and American.

Nor is the doctrine of the creation of trusts by words of recommendation, desire, hope and the like, without distinct recognition in the decisions of this Court. In the

cases of *Tolson vs. Tolson*, 10 *G. & J.*, 159; *Negroes Chase, et al., vs. Plummer*, 17 *Md.*, 165, and *Williams, Ex'r, et al. vs. Worthington, et al.*, 49 *Md.*, 572, whilst the Court in the first of these cases does not explicitly dwell in its opinion upon this rule of construction, and in the last two cases decides that under their particular circumstances no trusts were created, the decision in *Tolson vs. Tolson*, as that case was presented and argued, and the tenor and citations of the opinions in the cases of *Chase vs. Plummer*, and *Williams, Ex'r, et al. vs. Worthington, et al.*, which were decided upon grounds not in conflict with the principles of the rule itself, clearly indicate the binding force in the judgment of this tribunal, of the doctrine of precatory trusts in all such cases to which it is properly applicable.

With this recognition of the doctrine of precatory trusts it remains for us to consider whether the words employed by the testator, looking to the whole will, create the trust contended for by the appellees.

The property to which the supposed trust attaches is clearly described. It is "all my lands," first devised to his son, but which his wife is to have in case his son dies without lawful issue, a contingency which happened. With the devise to his wife are coupled the words: "*with a special request* that at her death she give the said lands to be equally divided between her near relatives and mine." The wish expressed is clear and emphatic; the person addressed is his own wife; the time indicated for her disposition of the property is at her death, when she could no longer enjoy it herself; the mode of disposition is distinctly prescribed—the lands are to be equally divided between two classes of beneficiaries; these two classes are his wife's near relatives and his own—persons whom he would have a strong motive to make partakers of his bounty, the one class from natural affection for his own blood, the other from affection for his wife and regard for

her interest in her own kindred. Thus the objects of his bounty are clearly pointed out, and their selection is in consonance with his relations to all concerned.

To disregard his "special request," would be to operate a discrimination against the testator's own kin, and to pass his estate upon the death of his wife, intestate, wholly to her heirs; a result repugnant to natural instincts, and in violence to his expressed desire.

In all respects the conditions here exist which justify the application of the rule of implied trusts from precatory words in the present case; and we think a trust was clearly created in the testator's lands for the benefit of the near relatives of his wife and of himself.

The capacity of those to take under a devise or legacy who are described as "relations" has been too long upheld by settled construction for legal uncertainty to attach to the term "near relatives," used by the testator of the will before us. And in determining who, under this "*nomen collectivum*" are entitled, and in what proportions, recourse, as a general rule, is had to the statute of Distributions. 2 *Jarman on Wills*, (5th Am. Ed.,) 661; 2 *Wms. on Ex.*, (5th Am. Ed.,) 1003, *and notes;* 2 *Redfield on Wills*, (3rd Ed.,) 85.

In *Whithorne vs. Harris*, 2 *Vesey, Sr.*, 527, the bequest was to all and every person and persons who are "near relations to me." In *Doe ex dem. Thwaites, et al. vs. Over, et al.*, 1 *Taunton*, 263, the testator gave his freehold estates to his wife, to be equally divided at her decease amongst the "relations on his side." In the first case the legatees, in the second the devisees, took under the statute of Distributions. See also *Harding vs. Glyn*, 1 *Atk.*, 469, *and notes; Cruwys vs. Colman*, 9 *Vesey*, 319; *Tiffin vs. Longman*, 15 *Beav.*, 275.

From this expression of our views, it follows that we sustain the decree passed below, which was fortified by an able discussion of the principles involved in the con-

struction of the will, in the Court's opinion, and will affirm the decree accordingly.

> Decree affirmed, and
> cause remanded.

(Decided 13th April, 1883.)