[Filed January 20, 1890.]

JOHN SMALLMAN, APPELLANT, *v.* PETER POWELL, RESPONDENT.

DESCENT—NEXT OF KIN.—The grandfather is one degree nearer of kin than the uncle, as computed by the civil law.

NEXT OF KIN—GRANDFATHER—UNCLE.—Where an intestate has no issue, nor wife nor father, mother, brother nor sister; *held,* that his grandfather took the estate in preference to his uncle as next of kin.

APPEAL from the circuit court for Linn county.

The facts are these:

It is hereby stipulated and agreed by and between the parties herein to submit this cause to the court for trial upon the following statement of the facts herein, to-wit:

(1)   That Sampson Smallman and Margaret Smallman, now both deceased, were, at and prior to their death, seised in fee simple of the following described real estate, to-wit: The donation land claim of Sampson Smallman and Margaret Smallman, his wife, the same being notification No. 1,118, and claim No. 6, being part of section 35, in Tp. 9 S., R. 2 W., and claim No. 53, being parts of sections 1, 2, 3 and 11, in Tp. 10 S., R. 2 W., in Linn county, Oregon.   (2) That said Sampson Smallman and Margaret Smallman died intestate, leaving John Smallman, the plaintiff herein, and Elizabeth Smallman, their only children, surviving them, and their only heirs.   (3)   That afterwards said Elizabeth Smallman was lawfully married to Wiley Powell, a son of Peter Powell, the defendant herein.   (4)   That afterwards said donation land claim was duly partitioned and divided between the plaintiff and said Elizabeth Powell, and the east half of said donation land claim was allotted and set apart to the said Elizabeth Powell, in her own right, in fee simple as for her share of said land claim, and the west half of said land claim was allotted and set apart to the plaintiff, as and for his share of said land claim, in his own right, in fee simple.   (5)   Tha. afterwards said Elizabeth Powell and said Wiley Powell, her husband, died intestate, leaving one child, Sampson T. Powell, their only heir, surviving them.   (6)   That afterwards said Sampson T. Powell died, and at the time of his decease he left neither wife, nor father, mother, brother nor sister, or the representatives of either, living.   (7) That said Sampson T. Powell, at the time of his death, was seised in fee simple of the east half of said land claim, as the sole heir at law of said Elizabeth Powell, his mother.   (8)   That Peter Powell, the defendant herein, is the paternal grandfather and only surviving grandparent of the said Sampson T. Powell.   (9)   That John Smallman, the plaintiff herein, is the uncle of the said Sampson T. Powell, on the part of his mother, and the only surviving child of the maternal grandparents, now deceased, of said Sampson T. Powell, on his mother's side.

If the court shall be of the opinion, upon the above statements of the facts in this case, that the plaintiff is entitled to the east half of said donation land claim, as the sole heir and next of kin of the said Sampson T. Powell, then the plaintiff is to have judgment herein for the possession of the said east half of said land claim; but if the court shall be of opinion that the defendant, in his own right as next of kin, on the part of the father of said Sampson T. Powell, is entitled to said east half of said land claim, then the court is to find and render judgment herein in favor of the defendant, as shall be deemed advisable and just on the above statement of facts in this cause.

After argument by counsel, the court, having fully considered the allegations of the parties and the facts as agreed upon by the parties in their stipulation to file herein, finds the facts as stipulated, and adopts the statement of facts so stipulated as the findings of fact by the court and as conclusions of law, and the court finds: First, that Peter Powell is the nearest of kin surviving the said Sampson T. Powell, and is the heir at law of said Sampson T. Powell, and takes, by descent, the east half of the land claim described in said stipulations, as the sole heir at law of said Sampson T. Powell, and is the lawful owner and entitled to the possession thereof.

The court found a decree in accordance therewith, and from which this appeal is taken.

*J. K. Weatherford*, for Appellant.

*J. C. Powell*, for Respondent.

LORD, J.—This case presents the single question, whether the real property already described passes to the defendant as next of kin, the former being the grandfather and the latter the uncle of the intestate. The whole matter depends upon the meaning to be given to subdivision 6 of section 3098, Or. Code: "If the intestate shall leave no lineal descendants, neither wife nor father, mother, brother nor sister, such real property shall descend to his next of kin in equal degrees," etc. And section 3103 provides that

XVIII. OR.—24.

"the degree of kindred shall be computed according to the rules of the civil law." It is somewhat difficult to catch the point in the contention for the plaintiff. While the rule for computing kindred, as declared by the statute, is admitted, the argument indicates that if so computed, and the grandfather be found to be one degree nearer than the uncle, he would not be entitled to the inheritance, because he is not of the blood of the ancestor from whom the estate originally descended. The argument proceeds upon the theory that there is an exception when the estate comes by descent, which, by the law of some of the States, when the intestate leaves no children, reverts to the heir or kindred of the person through whom it is acquired. The policy of the common law was to keep the real property in the line of the ancestor by whom it was brought into the family, and the statutes of descent, in some of the States, in certain cases. have provisions to that effect. But, generally, in the United States the English common law of descents, in its essential features, has been rejected, and each State has established a law for itself. 4 Kent's Com., 412. In fact, by enactment, the common law rule prevails that the right of succession is entirely statutory.

The reason is obvious. At common law the canons of descent grew out of the feudal system of tenures, and the policy of the State to establish and maintain a wealthy landed aristocracy, which coöperated to prevent the distribution of real property, and to promote its accumulation in the hands of the few. An important factor in working out this result was the common law mode of computing kindred, which, being alien in spirit to our political institutions, has been generally rejected, and in this State abrogated and the rules of the civil law adopted. In the mode of computing degrees of kindred, the civil law did not begin as at common law, and reckon from the common ancestor downwards to each of the persons related, or to the most remote of them, but from the person *a quo* upwards to the common stock, and then downwards to the

other party related. "The difference is manifest; the canon and common law, starting from the common ancestor, and the civil law, starting from the intestate himself, as the *terminus a quo*, the several degrees are numbered. Thus, by the civil law, from the intestate to his father, in lineal ascent, is one degree, and thence to the grandfather, is another or the second degree. Again, from the intestate to his mother is, lineally, *one* degree; thence to her father or mother is the second degree, and thence downward to the aunt is the *third* degree. The paternal grandfather being in the *second*, and the maternal aunt in the *third* degree, by this mode of computation he is therefore the nearest of kin. The spiritual courts have adopted the rule of the civilian in reckoning propinquity of degree, and in so doing have necessarily placed grandfathers a degree nearer the intestate than uncles and aunts." *Sweezy* v. *Willis*, 1 Bradford, 498; 2 Black. 224; 2 Kent, 422. Under the civil law, then, the grandparents are one degree nearer than uncles and aunts, and so speak all the authorities without a dissentient voice. *Cables* v. *Prescott*, 67 N. C. 582; *Kelsey* v. *Hardy*, 20 N. H. 479; *Ryan* v. *Andrews*, 21 Mich. 229; *Phillips* v. *Pellet*, 35 Ala. 696; *Barger* v. *Hobbs*, 67 Ill. 592; *Kirkendall* v. *Appeal*, 43 Wis. 167; *Bassil* v. *Loffer*, 38 Iowa, 451; *Cole* v. *Batley*, 2 Curtis, 562; 2 Domat's Civil Law, §§ 2832, 2834. Peter Powell, therefore, as the grandfather of the intestate, Sampson T. Powell, is one degree nearer than John Smallman, his uncle, the plaintiff, and is next of kin, upon the facts, to which the estate ascends, unless there is some exception which affects that result.

A glance at the statute will satisfy any one that, in the absence of those specified, the estate goes to the next of kin as computed by the civil law. The course is prescribed by the statute without reference to the source from which the property was acquired. While it may be admitted that whenever a statute does not prescribe in a given case to whom an estate shall descend, that the common law rule prevails for ascertaining who is the person or heir entitled

to take.   No such inquiry can arise here, for the statute provides in direct terms that "if the intestate shall have no lineal descendants, neither wife, nor father, mother, brother nor sister, such real property shall descend to his next kin in equal degrees."   And as Sampson T. Powell, the intestate, had no issue, nor wife, nor father, mother, brother nor sister, his grandfather, the defendant, would take the estate in preference to the plaintiff, his uncle. The statute makes no distinction founded upon the source from which the property has been derived, but assigns it to the next of kin, who is the defendant and grandfather, upon the facts, as reckoned by the civil law, and to whom it must ascend.

It follows, there was no error, and that the judgment of the court below must be affirmed.