PENORA HOLLOMAN ET AL. *v.* VAN BUREN BULLOCK.

1. PUBLIC LANDS. *Homestead. Heirs of deceased homesteader. Revised Statutes of United States §§ 2291, 2292.*

There is no conflict between sections 2291 and 2292, United States Revised Statutes. The first, section 2291, provides that in case of the death of the person making an entry of public lands the certificate or patent shall issue to his heirs or devisees, and the second, section 2292, providing that in case of the death of both father and mother, leaving an infant child or children, the right shall inure to the benefit of such child or children, was intended to give the land to infants exclusively only when there are no adult heirs.

2. SAME. *Act of congress, March 3, 1891, ch. 561, § 8, 26 Statutes at Large, 1099. Annulment of patent. Limitation.*

The act of congress, approved March 3, 1891, section 8, 26 Statutes at Large, 1099, providing that suits by the United States to vacate patents to lands shall be brought within a certain time, has no application to a suit brought by the heirs of one who made an entry of public lands for partition.

FROM the chancery court of Covington county.

HON. STONE DEAVOURS, Chancellor.

Holloman and another, appellants, were complainants in the court below; Bullock, appellee, was defendant there. From a decree in defendant's favor complainants appealed to the supreme court. The facts are stated in the opinion of the court.

*McWillie & Thompson* and *E. G. Caston,* for appellant.

A woman by the name of Amanda Pittman lived in Covington county and was the mother of three bastard children, each begotten by a different man. These bastards were William Pittman, Jr., deceased, the father of complainants Penora

Holloman (she being Williams' only heir), and W. M. Robertson and defendant Van Buren Bullock.

This woman, after the birth of her three illegitimate sons, entered from the United States Government the land in controversy under the homestead law, and took actual possession thereof. She thereafter married one Jesse Bullock, the father of Van Buren Bullock, appellee, one of her bastard sons, the marriage being long after the birth of the son.

The woman died in possession of the land before making final proof.

After the death of the woman, Jesse Bullock, her husband, and of course one of her four heirs (the other three being her bastard sons), took upon himself the task of proving up her claim to the land before the United States land department officers so as to procure a patent.

He knew all the facts, but nevertheless swore, in answer to interrogatories, as follows:

"I am the legal guardian of Van Buren, minor child of Amanda Pittman, who made the entry. She had one child, Van Buren. The land is used for the use of Van Buren, whom I represent as guardian. No other person but claimant, Van Buren Bullock, has any interest in the land."

Proper proof being made otherwise, the land department, on above representations, ordered a patent to issue, first, to the heirs of Amanda Bullock, deceased, but afterwards this order was amended so as to direct the issuance of the patent to Van Buren Bullock, and it was so issued.

The bill is by two of the heirs of Amanda, each claiming to own an undivided one-fourth interest in the land. They concede that Van Buren Bullock owns an undivided one-half interest, one-fourth he inherited from his mother, and the other fourth descended at his mother's death to her husband, Jesse Bullock. Of course Jesse Bullock's actions in causing the patent to issue to Van Buren Bullock estopped him, and his

heirs as well, from claiming the land. It is true also that Van Buren Bullock, under our statute, inherited from Jesse Bullock.

That the patent should have been issued to the heirs of Amanda Pittman (Bullock) is settled by law. Revised Statutes of the United States, sec. 2291.

The statute provides that in case of the death of a homesteader, his widow, if he has one, and if not, his heirs, shall be entitled to a patent. The chancellor went off on the idea that because Amanda was not a widow, therefore her heirs could take no interest. This was in the face of the rule for the construction of the revised statutes that "words importing the masculine gender may. be applied to females." Section 1, Revised Statutes, U. S., page 1.

"He" means "her" in the statute. The subsequent portion of the statute relating to widows has no application to this case.

Complainants inherited from their mother and are heirs.

The statute of the state determines who are heirs of a decedent. Code 1892, sec. 1549.

Of course the false representations were fraudulent. If the patent were fraudulently procured to be issued to Van Buren Bullock, he holds the lands in trust for complainants, an undivided one-fourth for each.

There is no conflict between sections 2291 and 2292 Revised Statutes of the United States. The latter section only applies where there are no adult heirs. *Bernier* v. *Bernier,* 147 U. S., 242.

The statute of limitations, act of congress, approved March 3, 1891, only applies to suits brought by the United States.

*T. S. Howell,* for appellee.

This cause of action is barred by the statutes of limitations. 26 Statutes at Large, 1095, sec. 8.

Defendant Van Buren Bullock made the required proof.

On the 6th day of June, 1892, the patent issued to Van Buren Bullock, minor child of Amanda Pittman, deceased.

This bill was filed October 13, 1900.

Section 2291, Revised Statutes of the United States provides that "in case of a widow making such entry her heirs or devisee in case of her death proves by two creditable witnesses that she or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been a homestead, except as provided in section 2228 and that he, she or they will ———— true allegiance to the Government of the United States," etc.

Complainants do not show that they have ever taken the oath that they "will bear true allegiance to the government of the United States of America."

Argued orally by *R. H. Thompson,* for appellant, and by *T. S. Howell,* for appellee.

CALHOON, J., delivered the opinion of the court.

Amanda Pittman was the mother of three bastard children. So situated, she entered the land in 1882. One Jesse Bullock afterwards married her. She died, leaving as her heirs this Jesse Bullock as husband, and Van Buren Bullock, W. M. Robertson, and William Pittman, Jr., her bastard children. She had no legitimate child. Penora Holloman, one of the appellants, appears as the sole heir of William Pittman, Jr. Jesse Bullock, the husband, indulged a presumption that he was *de facto,* if not *de jure,* the actual father of Van Buren. Whether he was or not, he demonstrated his faith by his works. He stood by Van Buren in a crucial test, and very freely made for him the sublime sacrifice of perjury in order that he might be the sole patentee of his mother's homestead entry to the ex-

clusion of his two brothers. This fact, indisputable from the record, would end the case but for some questions of law which require attention. Amanda Pittman, before her marriage, and on February 3, 1882, made her application for entry of the land, though then she had been actually settled on it since 1879. She died May 23, 1886, before the five years had elapsed. On March 18, 1889, Jesse Bullock, representing himself as the legal guardian of Van Buren Bullock, and that the latter was the only heir, made final proof. The land commissioner, however, very properly issued the certificate, of date September 18, 1889, to "the heirs" of Amanda. Immediately then, of course, the title vested in her husband and three children as tenants in common, each with an undivided one-fourth interest. But for some cause not disclosed the commissioner, on November 7, 1891, without notice to the parties in interest, amended the certificate so as to give all to Van Buren Bullock. Perhaps, on a review of the proof, he was misled by the false affidavit of Jesse Bullock that Van Buren was the only heir, or perhaps he thought the case fell within section 2292, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1394). Jesse Bullock died in 1892, after this change. Section 2291, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1390), directs, in case of the death of the person making the entry, that the certificate issue to the "heirs or devisees" of such person, as was properly so done at first in the case before us. Section 2292 (U. S. Comp. St. 1901, p. 1394) provides that, "in the case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such infant child or children." In the construction of these two sections it was held in *Bernier* v. *Bernier*, 147 U. S., 242, 13 Sup. Ct., 244, 37 L. Ed., 152, that they did not conflict, and that section 2292 was only intended to give to the minors exclusively when there are no other heirs.

The bill in the case before us was filed October 13, 1900, and appeared to by the defendant October 23, 1900, and so there is no bar of our statute of limitations. Section 8, c. 561, Act March 3, 1891, 26 Stat. 1099 (U. S. Comp. St. 1901, p. 1521), does not apply. It refers only to suits by the United States government to vacate and annul patents.

Complainants are entitled each to one-fourth interest in the land, and to partition as prayed by them, and it is so decreed here, and the cause is

*Reversed and remanded for proper proceedings to partite.*