RAISTAKKA, RESPONDENT, v. FAGERSTROM ET AL., APPEL-
LANTS.

(No. 4,813.)

(Submitted June 2, 1922. Decided July 3, 1922.)

[208 Pac. 949.]

*Public Lands—Homesteads—Death of Entryman Before Final
Proof—Minors—Patent—Trusts—Descent and Distribution—
Equity.*

Homesteads—Death of Entryman Before Final Proof—Statutes.
1. In the matter of the disposition of homesteads upon the death
of the entryman before final proof, *held* that section 2291, United
States Revised Statutes, applies only in the event the surviving heirs
are adults, or adults and minors, and section 2292 applies exclusively
where the surviving heirs are under twenty-one years of age and
there are no adult heirs.

Same—Death of Entryman—Minor Child's Right to Patent.
2. Under section 2292, United States Revised Statutes, immediately
on the death of an entryman upon public land, leaving surviving
him only a minor daughter, the equitable title to the land vested in
her, entitling her to patent, without a showing of proof otherwise
necessary to obtain it.

Same—Vested Right to Patent Equivalent to Patent.
3. In dealing with public land, the government will treat a vested
right to a patent as equivalent to a patent issued.

Same—Homestead—Descent and Distribution.
4. Where under section 2292, United States Revised Statutes, a
minor child was entitled to patent to a homestead on the death of
the entryman, her father, her title became a part of her estate sub-
ject to the law of descent and distribution of property belonging to
one who dies intestate, and therefore her grandfather, being one
degree nearer of kin than her uncle and aunt, succeeded to the prop-
erty in preference to the latter.

Same—Patent—Trusts.
5. Where patent to public land is issued to a party not entitled
thereto, he holds the legal title in trust for the rightful patentee.

Same—Title—Equity—Extent of Jurisdiction.
6. In an action brought under sections 9501–9515, Revised Codes, to
establish title to property granted by patent to heirs of deceased
entrymen on public lands, being essentially equitable in character, the
court, once having obtained jurisdiction over the subject matter and
the parties, will retain jurisdiction for the purpose of administering
complete relief and doing entire justice.

*Appeal from District Court, Musselshell County; Geo. P.
Jones, Judge.*

1. Succession to rights of homesteader on his death before perfection
of title, see notes in **Ann. Cas.** 1912C, 696; **Ann. Cas.** 1916A, 891.

ACTION by John Raistakka against Alina Fagerstrom and others. Judgment for plaintiff, and defendants Fagerstrom and Ahola appeal. Affirmed.

*Mr. C. H. Tyler* and *Mr. W. A. Pennington,* for Appellants, submitted a brief; *Mr. Pennington* argued the cause orally.

*Mr. Carl N. Thompson* and *Mr. George W. Frankberg,* for Respondent, submitted a brief; *Mr. Thompson* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Emil Ahola, a widower, died intestate on February 1, 1914, leaving surviving him an only child, Marian Ahola, two years old. At the time of his death Emil Ahola had a homestead entry on the northeast quarter of section 8, township 11 north, range 24 east, in Musselshell county, but had not made final proof. Alina Fagerstrom, a sister of Emil Ahola, was appointed administratrix of the estate, and Arthur Fagerstrom, her husband, was appointed guardian of the infant daughter. Alina Fagerstrom made final proof on the homestead, and thereafter, in the course of administration, made application to sell it, but, upon objection, the order of sale was denied, and the estate was closed. In August, 1914, Marian Ahola died, and the guardianship was thereupon closed. In 1915 the government issued patent for the homestead to "the heirs of Emil Ahola, deceased." John Raistakka, father-in-law of Emil Ahola and grandfather of Marian Ahola, commenced this action to have determined the rights of the conflicting claimants to the land covered by the homestead entry. Alina Fagerstrom, the sister, and Einar Ahola, a brother, of the homesteader, appeared and made joint answer, claiming the land in virtue of the fact that they are the sole surviving heirs of Emil Ahola, deceased. Thereupon the cause was submitted to the court upon an agreed statement of facts, of which the foregoing is a fair summary. The court found for the plaintiff,

and rendered and had entered a decree quieting title in him, and the answering defendants appealed.

The question presented for determination arises over the proper application of the homestead laws of the United States to the facts of this case. In their original form, sections 2290, 2291 and 2292, United States Revised Statutes, comprehend all of section 2 of an Act of Congress approved May 20, 1862 (12 Stats. at Large, 392.) The original Act has been amended and its scope extended somewhat by subsequent legislation. Section 2290 has to do exclusively with the original application for a homestead and is not involved here. Sections 2291 and 2292 are controlling in every instance where a homesteader dies before making final proof. If any uncertainty ever existed as to the proper construction to be placed upon these statutes, or either of them, it was removed effectively by the decision of the supreme court of the United States in *Bernier* v. *Bernier,* 147 U. S. 242, 37 L. Ed. 152, 13 Sup. Ct. Rep. 244 [see, also, Rose's U. S. Notes]. In that case, Edward Bernier, the homesteader, was a widower who died before making final proof. He left surviving him ten children, five of whom were over the age of twenty-one and five of whom were under twenty-one years of age. One of the adult heirs made final proof, but the patent issued to the minors only. The action was instituted by the adult heirs against the minors, and the determination of their relative rights necessarily involved the construction of sections 2291 (as it stood prior to the amendment of June 6, 1912) and 2292, since the adult heirs based their claim upon section 2291, and the minors claimed exclusive ownership by virtue of the provisions of section 2292. These sections read as follows:

"Sec. 2291. No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or any time within two years thereafter, the person making such entry or if he be dead, his widow; or in case of her death, his heirs or devisee, in case of a widow making such entry, her

heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States, then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law.

"Sec. 2292. In case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such infant child or children; and the executor, administrator, or guardian may, at any time within two years after the death of the surviving parent, and in accordance with the laws of the state in which such children, for the time being, have their domicile, sell the land for the benefit of such infants, but for no other purpose, and the purchaser shall acquire the absolute title by the purchase, and be entitled to a patent from the United States on the payment of the office fees and sum of money above specified." (U. S. Comp. Stats., secs. 4532, 4543.)

Concerning these provisions the court said: "Section 2291 provides that the certificate and patent, in case of the death of father and mother, shall upon the proofs required being made, be issued to the heirs of the deceased party making the entry, a provision which embraces children that are minors as well as adults. Section 2292, in providing only for minor heirs, must be construed, not as repealing the provisions of section 2291, but as in harmony with them, and as only intended to give the fee of the land to the minor children exclusively when there are no other heirs. * * * The object of the sections in question was, as well observed by counsel, to provide the method of completing the homestead claim and obtaining a patent therefor, and not to establish a line of descent or rules of distribution of the deceased entryman's estate.

They point out the conditions on which the homestead claim may be perfected and a patent obtained; and these conditions differ with the different positions in which the family of the deceased entryman is left upon his death. If there are adults as well as minor heirs, the conditions under which such claim will be perfected and patent issued are different from the conditions required where there are only minor heirs and both parents are deceased. In the one case the proof is to extend to that of residence upon the property, or its cultivation for the term of five years, and show that no part of the land has been alienated except in the instances specified, and the applicant's citizenship and loyalty to the government of the United States; but in the other case, where there are no adult heirs and only minor heirs, and both parents are deceased, the requirements exacted in the first case are omitted, and a sale of the land within two years after the death of the surviving parent is authorized for the benefit of the infants. The fact of there being infant children and the death of their parents is all that is required to establish their right and title to the premises and to a patent." (To the same effect are *Stadin* v. *Garfield,* 32 App. D. C. 49; *Holloman* v. *Bullock,* 82 Miss. 405, 34 South. 355.)

Bearing in mind the essence of the decision in the *Bernier* [1] *Case* that section 2291 applies only in the event the surviving heirs are adults, or adults and minors, and that section 2292 applies exclusively in every case where the surviving heirs are under twenty-one years of age and there are no adult heirs, it becomes self-evident that section 2291 cannot have any application to the facts of the present case, and that section 2292 furnishes the exclusive guide for the determination of the relative rights of these parties. The amendment to section 2291 referred to above is not of consequence here.

Upon the death of Emil Ahola the land did not become a [2] part of his estate (*Towner* v. *Rodegeb,* 33 Wash. 153, 74 Pac. 50), and could not inure to the benefit of his heirs after the death of his infant daughter. But since Marian Ahola was

his only child, was under the age of twenty-one years, and survived him, the "right and fee" inured to her benefit, not by right of inheritance, but in virtue of the law itself. What, then, was the character of the right which inured to the benefit of the infant child?

It is contended by counsel for defendants that the only right which devolved on Marian Ahola at the death of her father was the right to have the land sold for her exclusive benefit, and, since such sale was not made within the two-year period prescribed by section 2292, the right lapsed, if, indeed, it did not lapse at the time of her death. The same contention was advanced in *Anderson* v. *Peterson,* 36 Minn. 547, 1 Am. St. Rep. 698, 32 N. W. 861, but it was disposed of as follows: "It is suggested, upon this, that the only benefit the infant children can get under the section is through a sale by the executor, administrator, or guardian. The clause, however, does not limit the preceding one. It is in addition to it. It is an enabling clause by which the executor, administrator, or guardian may (as against the United States) sell the children's right, as according to the law of their domicile, he may sell other of their property. The right inures to the children at once, upon the death of the parents, but it may be divested in the manner stated. If there is no such sale, their right becomes perfect, and they will become entitled to a patent." That the Minnesota court was correct in its conclusion is, we think, beyond controversy. As stated by Mr. Justice Field in the *Bernier Case:* "The fact of their being infant children and the death of their parents is all that is required to establish their right and title to the premises and to a patent." To the same effect is the holding of the Land Department. (*Curran* v. *Williams' Heirs,* 20 Land Dec. 109.) In other words, immediately upon the death of the entryman, the equitable title to the land vested in the infant child, and she likewise acquired a vested right to patent.

It is a uniform rule that in dealing wtih public lands, the [3] government will treat a vested right to a patent as

equivalent to a patent issued. (*Stark* v. *Starrs,* 6 Wall. 402, 18 L. Ed. 925 [see, also, Rose's U. S. Notes]; *McCune* v. *Essig* (C. C.), 118 Fed. 273; *Horsky* v. *Moran,* 21 Mont. 345, 53 Pac. 1064; *Murray* v. *Montana L. & M. Co.,* 25 Mont. 14, 63 Pac. 719.) Since, then, the equitable title to the land vested in Marian Ahola immediately upon the death of her [4] father, and the government merely held the legal title in trust for her (*Bakersfield F. & O. Co.* v. *Saalburg,* 31 Land. Dec. 312), neither her title nor right to patent could be prejudiced by the failure of her guardian or the administratrix of her father's estate to present the proof necessary to obtain the patent, but she is to be treated as though patent had issued to her during her lifetime. Upon the death of Marian Ahola, whatever title she had became a part of her estate, subject to the laws of this state which control the descent and distribution of property belonging to one who dies intestate.

Under the provisions of section 4820, Revised Codes of 1907 (sec. 7073, Rev. Codes 1921), the property belonging to Marian Ahola descended to her next of kin, and by section 4826, Revised Codes of 1907 (sec. 7079, Rev. Codes 1921), and section 4827, Revised Codes of 1907 (sec. 7080, Rev. Codes 1921), the grandfather stood in the second degree of kindred, while the answering defendants, aunt and uncle, respectively, each stood in the third degree. The grandfather, therefore, succeeded to the property in preference to the defendants. (*Smallman* v. *Powell,* 18 Or. 367, 17 Am. St. Rep. 742, 23 Pac. 249.)

Counsel for defendants suggest that in any event the court should not have quieted title in the grandfather, in the absence of any proceedings had for the administration of the estate of Marian Ahola; but, since neither of these defendants has any interest in the property, neither can complain. So far as the conflicting interests of the parties who were before the court are concerned, they were determined correctly.

In passing, we observe that, in issuing the patent to "the [5] heirs of Emil Ahola, deceased," the Land Department acted without authority, and the patentees, the defendants

herein, held the legal title in trust for the grandfather, the party entitled to succeed to the interest of the deceased, Marian Ahola. (*Love* v. *Flahive*, 33 Mont. 348, 83 Pac. 882.)

This action, authorized by Chapter 15, Laws of 1915 (sections 9501–9515, Rev. Codes 1921), is essentially equitable in character, and it is an elementary rule that a court of equity, once having obtained jurisdiction over the subject matter and the parties, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice. (*McConnell* v. *Combination M. & M. Co.*, 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194; 21 C. J. 134.) Apparently the plaintiff herein is satisfied with the form of the decree, and the defendants are in no position to urge any objection to it.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.

Rehearing denied September 11, 1922.