Argued February 23, affirmed March 16, 1926.

IN THE MATTER OF THE ESTATE OF JOHN MILLER, DECEASED.

## GEORGE H. MILLER *v.* JOHN W. MILLER.

(244 Pac. 526.)

Descent and Distribution—Wife Predeceasing Testator is not Such "Other Relative" as to Entitle Her Lineal Descendants to Property Devised to Her to Exclusion of Children of Testator's Former Wife (§ 10103, Or. L.).

1. Wife predeceasing testator is not such "other relative" within Section 10103, Or. L., as to entitle her lineal descendants to estate devised to her, to exclusion of children of testator's former wife; "other relative" meaning blood relation or blood relative.

Descent and Distribution.

2. Right of succession is entirely statutory, as provided by Section 10125 et seq., Or. L.

Descent and Distribution—Words "Other Relatives" Following "Child" or "Grandchild" are to be Applied to Persons of Same General Class.

3. In construing statutes, general words such as "or other relatives" following enumeration of particular persons or things such as

---

1. Who are relatives or relations by blood, see notes in 14 L. R. A. 342; 4 L. R. A. (N. S.) 167; L. R. A. 1916B, 907.
2. See 9 R. C. L. 12.
3. See 25 R. C. L. 996.

"child" or "grandchild" are not to be given widest meaning, but are to be held to apply to persons of same general kind or class as specified, in absence of opposite legislative intent.

Descent and Distribution, 18 C. J., p. 804, n. 56.
Statutes, 36 Cyc., p. 1119, n. 36.
Wills, 40 Cyc., p. 1458, n. 4, p. 1459, n. 5, p. 1925, n. 18, p. 1936, n. 74.

From Multnomah: George Tazwell, Judge.

Department 2.

This is an appeal by John W. Miller from an order of distribution of the assets of the estate of John Miller, deceased.                    Affirmed.

For appellant there was a brief and oral argument by *Mr. Maurice W. Seitz.*

For respondents there was a brief over the name of *Messrs. Grass & Hardin,* with an oral argument by *Mr. Dan E. Hardin.*

(*Mr. Bruce C. Curry,* for administrator on the brief.)

BEAN, J.—John Miller died in Portland, Oregon, on January 29, 1922, leaving a last will and testament. During his lifetime he had been married three times. There was no issue of the first marriage. His second wife's name was Catherine Miller. She died about the year 1874, and there were born, as the issues of said marriage, petitioners Henry Miller, John S. Miller and Katherine Marie Albert. Subsequent to the death of the mother of these petitioners, John Miller, the deceased remarried, his third wife's name being Alice Miller, the person named as the beneficiary in his will.

There were born as the issues of said third marriage of John Miller to the said Alice Miller, the following children: Adam Miller, Katie Miller Repp, Dora Miller Schwabenland, George Miller and John W. Miller, all being of legal age.

By his will, after making certain nominal bequests to his children by his second and third wives, he devised all of the remainder of his estate, both real and personal, to his third wife, Alice Miller. This will was executed on September 8, 1916.

Subsequent to the execution of this will, and about three years prior to the death of the testator, Alice Miller, died. After the death of John Miller the said will was admitted to probate and letters of administration with the will annexed were granted to George H. Miller, who proceeded in the ordinary course to administer said estate and upon conclusion thereof filed his final account asking to be discharged, and for the usual order of distribution, praying that the estate be distributed to the lineal descendants of Alice Miller.

Objections to his final account were filed by the children of the second wife of the testator, the contention of the objectors being that, owing to the death of Alice Miller, prior to the death of the testator, the devise to Alice Miller thereby lapsed, and the estate should be distributed to the heirs of the testator, as though no will had been made. The objections thus filed were sustained by the probate court and it is to review that order that this appeal is taken. The contention of the appellant is, that under the laws of the State of Oregon the distribution should be made to the lineal descendants of Alice Miller or to her estate.

117 Or.—26

Section 10103, Or. L., is as follows:

"When any estate shall be devised to any child, grandchild, or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real and personal, as such devisee would have done in case he had survived the testator."

It is appellant's contention that the words "other relative" includes the wife of the testator. The respondents maintain the contrary. In so far as we are advised, this court has not passed upon this question.

It has long been settled that in the construction of wills, the word "relations," or "relatives," includes those who are entitled as next of kin under the statute of distribution: Vol. 3, Bouvier's Law Dict. (Rawles' 3d Rev.), p. 2862, tit. "Relations," citing 2 Jarm. on Wills, 661; *Drew v. Wakefield*, 54 Me. 291; *In re Spiers' Estate*, 224 Mich. 658 (195 N. W. 430); *In re Sowash's Estate*, 62 Cal. App. 512 (217 Pac. 123); *Gallagher v. Crooks*, 132 N. Y. 338 (30 N. E. 746); *Kimball v. Story*, 108 Mass. 382; *Esty v. Clark*, 101 Mass. 36 (3 Am. Rep. 320), where the term was held not to include a wife. In 7 Words & Phrases, page 6055, we find:

"The word 'relative' as used in Rev. St., c. 74, § 10, providing that where a relative of the testator dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relatives, if he survived, means one connected with the testator by blood—a blood relation—and does not include one connected with the testator by marriage only. *Elliot v. Fessenden*, 83 Me. 197, (22 Atl. 115, 117, 13 L. R. A. 37, 38); *Keniston v. Adams*, 80 Me. 290 (14 Atl. 203)."

"Relation" is a very indefinite word, which has often been perplexing to courts. In a broad sense there are relations by affinity as well as by consanguinity, though as used in statutes "a relative" has been held to be one related by blood: 9 R. C. L., p. 25, § 18. As a general rule if a devisee dies before the testator, the devise lapses. To this rule the statute makes an exception when the devise is to a child, grandchild or other relative: Section 10103, Or. L. See *Elliot* v. *Fessenden,* 83 Me. 197 (22 Atl. 115, 13 L. R. A. 37).

In a note to that case, in the latter volume, we read:

"The more common use of the term expresses kindred of blood or affinity, though properly only the former is embraced. Hence, in strict technical sense, it does not include husband and wife, but may include any and every relation that exists in social life, if literally taken; but it has long been settled that a bequest to 'relations' applies to those who, by virtue of the Statute of Distributions, would take the property as next of kin: *Esty* v. *Clark,* 101 Mass. 38 (3 Am. Rep. 320); *Handley* v. *Wrightson,* 60 Md. 206; Anderson's Law Dict., title Relation."

In the main case the syllabus is as follows:

"A 'relative' is one connected with the testator by blood and not by marriage only within the meaning of Rev. Stat., Chap. 74, § 10, giving lineal descendants the share of a relative of the testator, who is a devisee if he dies before the testator."

Section 10, Chapter 74, of the Revised Statutes of Maine reads thus:

"When a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as

would have been taken by such deceased relative had he survived.''

In *Keniston* v. *Adams,* 80 Me. 290 (14 Atl. 203), the Supreme Court of Maine had the same question before it as presented in the case at bar. In the Maine case, Mr. Justice Peters, after quoting their statute, at page 294, records the following language:

''This presents the question whether, in a testamentary sense, a husband is a relative of his wife. Most, if not all, the authorities there are on the question, declare that he is not. Our opinion coincides in that result.

''A relative can only be one whose descendants would also be relatives. If the husband was a relative, then his son, the proponent, was. We think the statute intended to provide for a relationship by blood.''

The Supreme Court of our sister State of Washington, in the case of *In re Estate of Wm. Renton,* 10 Wash. 533 (39 Pac. 145), has passed upon the identical question involved in the present case. The Washington statute is identical with Section 10103, Or. L., and the same question was raised in the case as in the present case. It was held that a wife is not a ''relative'' of her husband within the term as used in Section 1467, Gen. Stats. of Washington. We concur in the holding in that case as well as in other cases mentioned. See, also, *In re Spier's Estate,* 224 Mich. 658 (195 N. W. 430), and *In re Sowash's Estate,* 62 Cal. App. 512 (217 Pac. 123).

1, 2. If the property of the estate of John Miller, deceased, should be distributed according to the claims of appellant, the result would be that the children of the second marriage, viz., Henry Miller,

John S. Miller and Catherine Marie Albert, would re-
ceive no share of their father's estate. By enact-
ment the common-law rule prevails in the United
States that the right of succession is entirely stat-
utory: *Smallman* v. *Powell,* 18 Or. 367, 370 (23 Pac.
249, 17 Am. St. Rep. 749). Our statute, Or. L., Sec-
tion 10125 et seq., provides how real property shall
descend when the same is not lawfully devised; and
how personal property shall be applied and dis-
tributed when the same is not lawfully bequeathed.
Section 10130, Or. L., directs that the degree of kin-
dred shall be computed according to the rules of the
civil law; and the kindred of the half-blood shall in-
herit or receive equally with those of the whole blood
in the same degree. In order to change the regular
statutory rule of descent there should be a plain,
definite legislative enactment to that effect.

The words "other relative," as used in Section
10103, Or. L., providing that when any estate shall be
devised to any child, grandchild or other relative of
the testator, and such devisee shall die before the
testator, leaving lineal descendants, such descen-
dants shall take the estate, real and personal, as such
devisee would have done in case he had survived
the testator, mean blood relation, or blood relative.

3. The other provisions of the will do not indicate
that it was the intention of the testator to give his
property to the relatives of his third wife, to the
exclusion of his own kindred by blood. This con-
struction of the statute conforms to the general rule
of statutory construction, that where general words
such as "or other relative" follow an enumeration
of persons or things, by words of a particular and

specific meaning, like "child," and "grandchild," such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned, unless the legislative intent is plainly to the contrary: Black on Interp. of Laws (2 ed.), p. 203, § 71.

It follows that the order and decree of the probate court must be affirmed.

It is so ordered.                                      AFFIRMED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.