*In re* LOAKES' ESTATE.

APPEAL OF HOGAN.

1. DESCENT AND DISTRIBUTION—ADOPTED CHILDREN—PERSONAL PROPERTY.

The distribution of personal property of a person dying intestate is controlled by a section of the probate code (Act No. 288, chap. 2, § 94, Pub. Acts 1939).

2. SAME—ADOPTED CHILDREN—REAL AND PERSONAL PROPERTY—CONSTRUCTION OF STATUTES.

In view of the difference in language in the provisions of the probate code relative to the distribution of the real and personal property of an adopted child who dies intestate, the legislature

is deemed to have not necessarily intended that the real estate descend to the person or persons entitled to the personal property (Act No. 288, chap. 2, §§ 86, 94, Pub. Acts 1939).

3. STATUTES—AMENDMENT—RE-ENACTMENT—CONSTRUCTION.

A material change in language in the amendment or re-enactment of a statute must be regarded, unless otherwise indicated, as evidencing a purpose to change the force and effect of the existing law.

4. SAME—CONSTRUCTION.

A court may not read into a statute pertaining to the distribution of an intestate's real property something that is not there (Act No. 288, chap. 2, § 86, Pub. Acts 1939).

5 DESCENT AND DISTRIBUTION—ADOPTION—STATUTES—KINDRED OF ADOPTING PARENT.

Statute giving adopting parents the right to inherit real property from intestate child dying without spouse or issue without indicating that the kindred or other heirs of such parents might inherit such property would not permit distribution of intestate child's estate, received from an adopting parent, to the heirs or kindred of such parent (Act No. 288, chap. 2, § 86, Pub. Acts 1939).

6. SAME—STATUTES.

The descent of property of a person dying intestate is governed wholly by statutory provisions in effect at the time of death.

7. ADOPTION—STATUTES.

Adoption proceedings and the resulting incidents depend wholly on statute.

8. SAME—INHERITANCE FROM ADOPTING PARENT'S KINDRED—STATUTES.

An adopted child may not inherit from kindred of the adopting parents in the absence of statutory provision for such inheritance.

9. DESCENT AND DISTRIBUTION—ESCHEAT.

In the absence of a showing of persons to whom real estate may descend, it escheats to the State.

10. COSTS—DESCENT AND DISTRIBUTION—ADOPTION—STATUTES.

No costs are allowed in proceedings involving the construction of statutes relative to the distribution of an intestate adopted child's property (Act No. 288, chap. 2, §§ 86, 94, Pub. Acts 1939).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted January 16, 1948. (Docket No. 45, Calendar No. 43,941.) Decided April 5, 1948.

In the matter of the estate of Donald J. Loakes, deceased. On petition of Nelson E. Hogan for determination of legal heirs. Nelson and Vernon Hogan appealed to circuit court from order determining that they did not inherit real estate and that it escheated to the State of Michigan. Order affirmed in circuit court. Anna Hogan, executrix of the estate of Nelson E. Hogan, deceased, and Vernon Hogan appeal. Affirmed.

*Frederick C. Newman, Jr.,* for appellants.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Archie C. Fraser,* Assistants Attorney General, for appellees.

CARR, J. The facts in this case have been stipulated. On July 23, 1908, the decedent, Donald J. Loakes, was adopted by John and Mary Loakes. No question is raised as to the validity of the adoption proceeding. The adopting parents owned certain real estate in Ingham county as tenants by the entireties. Following the death of the husband, Mrs. Loakes, being the sole owner by right of survivorship, deeded the property to a third person who immediately reconveyed to Mrs. Loakes and the adopted son in joint tenancy, with right of survivorship. Subsequently, on the death of Mrs. Loakes, decedent became the sole owner of the real estate and continued as such owner until the time of his death. He was not married. He died intestate December 2, 1946, leaving the real estate in question and some personal property. His blood relatives, if any such survived him, are unknown.

Proceedings for the administration of the estate of decedent were duly instituted in the probate court of Ingham county, and the personal property was assigned to Nelson E. Hogan and Vernon Hogan, who were the brothers of the adopting mother, Mary Loakes. The probate judge held, however, that under pertinent provisions of the statute, said brothers were not entitled to inherit the real estate and ordered it escheated to the State of Michigan for want of heirs. The circuit court affirmed the order and Vernon Hogan and the executrix of the estate of Nelson E. Hogan, who died June 3, 1947, have appealed.

No question is presented as to the distribution of the personal property of the decedent. Such distribution is controlled by Act No. 288, chap. 2, § 94, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–2 [94], Stat. Ann. 1943 Rev. § 27.3178 [164]), which reads as follows:

"All personal property of an adopted child, dying intestate, shall be distributed to the same persons and in the same manner as though such adopted child had been the natural child of its adopting parents."

Said section is a re-enactment of 3 Comp. Laws 1929, § 15726, subd. 8. It is conceded that under this section the personalty was properly distributed to appellants. While not directly involved in the controversy the language of the section quoted is pertinent for the purpose of comparison with statutory provisions controlling the descent of real property which are found in chapter 2, § 86, of the act of 1939, above cited (Comp. Laws Supp. 1940, § 16289–2 [86], Stat. Ann. 1943 Rev. § 27.3178 [156]). Said section reads as follows:

"Whenever any person heretofore or hereafter adopted by any person or persons, with intent to make such person an heir at law of the person or persons adopting the same, shall die intestate, leaving no issue, any real estate of which such person dies seized and which does not descend to the husband or wife, if any, of such adopted child, except such real estate as may have come to such deceased person by inheritance from his or her natural parents, shall descend to the adopting parent or parents in the same proportions as though such adopting parents had been the natural parents of said deceased person."

It seems apparent from a comparison of these sections that the legislature did not intend that the real estate, of which an adopted child may be seized at the time of his death intestate shall necessarily descend to the person or persons entitled to the personal property. The difference in phraseology is scarcely explainable on any other basis. It is also significant that the language of the section last quoted is materially different from corresponding provisions previously in force. Act No. 81, Pub. Acts 1891* (3 Comp. Laws 1897, § 9077, 3 Comp. Laws 1915, § 11808), provided that real estate of an adopted child, dying intestate, which had come to him from his adopting parents, should "descend to the persons and in the same manner as though such person had been the natural child of the person or persons from or through whom such estate shall have come as aforesaid." Act No. 45, Pub. Acts 1923 (3 Comp. Laws 1929, § 13453 [Stat. Ann. § 26.994]) further amended the statute by incorporating an exception with reference to real estate that the adopted child had inherited from his natural parents and providing also, subject to such

---

* This act amended R. S. 1846, chap. 67, by adding a section 14 thereto.—Reporter.

exception, that real estate of which the adopted child dies seized, should descend "to the adopting parent or parents or their legal representatives in the same proportions as though such adopting parents had been the natural parents of said deceased person." The fact that the legislature in the enactment of the present probate code, Act No. 288, Pub. Acts 1939, above cited, saw fit to leave the provisions covering the distribution of personal property unchanged and at the same time to substantially alter the section relating to the descent of the real estate of an adopted child, dying intestate, is indicative of the intent. A material change in language in the amendment or re-enactment of a statute must be regarded, unless otherwise indicated, as evidencing a purpose to change the force and effect of the existing law. *Lawrence Baking Co.* v. *Unemployment Compensation Commission*, 308 Mich. 198 (154 A. L. R. 660).

The language of the provisions relating to the descent of the real estate of which an adopted child, dying intestate, may be seized at the time of his death, is not ambiguous. Had it been intended that it should pass as though the owner were the natural child of the adopting parents, subject to the exception as to property inherited from the natural parents, we may assume that language of such import would have been used, as was done with reference to personal property. However, the right of inheritance was given to the adopting parents, with no indication that the kindred or other heirs of such parents might inherit, under any circumstances, the real estate of the adopted child. To sustain the contention of the appellants would involve reading into the statute something that is not there. This we may not do. Its obvious scope and purpose may not be extended by construction. *Van Derlyn* v.

*Mack,* 137 Mich. 146 (66 L. R. A. 437, 109 Am. St. Rep. 669, 4 Ann. Cas. 879).

Appellants call attention to the provisions of the statute, 3 Comp. Laws 1897, § 8780, in effect at the time Donald J. Loakes was adopted in 1912. Said section, after indicating the procedure to be followed in an adoption proceeding, declared:

"The person or persons so adopting such child, shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of/such person or persons."

It will be noted, however, that the language quoted referred solely to the status of the adopted child and to the rights and duties of the adopting parents. Nothing was said with reference to any possible incidental right or interest accruing to the heirs of such parents. Furthermore, the descent of property of a person dying intestate is governed wholly by statutory provisions in force and effect at the time of death. *In re Shumway's Estate,* 194 Mich. 245 (L. R. A. 1918A, 578); *In re Dempster's Estate,* 247 Mich. 459. It is also settled law that adoption proceedings and the resulting incidents depend wholly on statute. *Morrison v. Sessions' Estate,* 70 Mich. 297 (14 Am. St. Rep. 500); *Brown v. Blesch,* 270 Mich. 576 (97 A. L. R. 1012).

In construing our statutes relating to the subject this Court has held that an adopted child may not inherit from kindred of the adopting parents for the reason that the legislature has not provided for such inheritance. *Van Derlyn v. Mack, supra; Moritz v. Wayne Circuit Judge,* 291 Mich. 190; *Moritz v. Horsman,* 305 Mich. 627 (147 A. L. R.

117). For like reasons it must be said that kindred of the adopting parents may not inherit the real estate of the adopted child. There being no person or persons, so far as this record discloses, to whom the real estate of Donald J. Loakes may descend, the conclusion necessarily follows that it escheats to the State of Michigan. See *Evans Products Co. v. State Board of Escheats,* 307 Mich. 506, where the statutes of this State pertaining to escheats are cited and discussed.

Counsel in their briefs have called attention to cases decided in other States. Such decisions, in most instances, have been based on statutes differing materially from those of this State, above quoted. It is recognized in all of these cases that the matter of the descent of property is governed by legislative action. The general principles observed are fairly indicated in a recent decision of the supreme court of Oregon, *In re Frazier's Estate,* 180 Ore. 232 (177 Pac. [2d] 254, 170 A. L. R. 729), where it was held that under a situation analogous to that presented in the case at bar the property of the decedent escheated to the State. After citing and discussing numerous decisions from other States it was said in part:

"Our adoption statute was enacted in 1864, and, so far as any question presented in this case is concerned, has remained unchanged. The provisions which we are called upon to construe necessarily have the same meaning that they had when the legislature passed them. The most appealing argument that has been made on behalf of the defendant is based upon the humane aspects of the adoption institution and the desirable policy to be pursued—an argument which in the end touches what the law ought to be, not what it is. In the case of *In re Estate of Miller,* 117 Ore. 399, 405 (244 Pac. 526), this court said: 'In order to change the regular

statutory rule of descent, there should be a plain, definite legislative enactment to that effect.'

"The legislature seems to have recognized this rule in enacting the adoption statute, for it did not stop with the provision in section 63–406* that the decree of adoption shall order 'That from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner,' but proceeded in section 63–407* to confer expressly the right of inheritance on the child only from his parents by adoption only, evidently thinking that such declaration was necessary and that the existence of the right could not safely be left to inference.  See *Hole* v. *Robbins,* 53 Wis. 514 (10 N. W. 617).  We do not wish to be understood as saying that the right of the adoptive parents to inherit cannot be implied as the Wisconsin court held in the cited case.  But we do hold that, since the subject matter of the statute is a legal relation created between, and confined to, the child and its parents by adoption, to extend that relation to others by court decision would be not to construe the statute but to enlarge it beyond its fair import—in effect, to amend it."

For the reasons indicated, it is our conclusion that appellants are not entitled to inherit the real estate of decedent under the pertinent provisions of the Michigan statutes.  The order of the circuit court is affirmed and the case remanded for further proceedings.  In view of the nature of the controversy, no costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.

---

* Oregon Compiled Laws Annotated, 1940.—REPORTER.